Nos. 73,232
73,233
73,234

STATE OF KANSAS, *Appellee,* v. BOBBY D. RILEY, *Appellant.*

(915 P.2d 774)

Opinion filed April 19, 1996.

*Keith E. Renner*, of Barnett, Yockers & Renner, P.A., of Wakarusa, argued the cause and was on the brief for appellant.

*Lori R. Seifert*, assistant district attorney, argued the cause, and *Athena E. Andaya*, assistant district attorney, *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: Bobby D. Riley appeals his 23-month sentence for forgery, contending the trial court erroneously computed his criminal history score by utilizing two other convictions to which he pled on the same day he pled to the forgery charge.

On August 19, 1994, Riley pled no contest to three offenses which arose out of three separate criminal cases. In case No. 93 CR 3193, he pled no contest to a charge of driving with a suspended license, a severity level 9 nonperson felony. K.S.A. 1993 Supp. 8-262(a). In case No. 94 CR 555, he pled no contest to a charge of attempted aggravated battery, a severity level 9 person felony. K.S.A. 21-3414. In case No. 94 CR 1100, he pled no contest to a charge of forgery, a severity level 8 nonperson felony. K.S.A. 21-3710(a)(3).

On September 13, 1994, Riley was sentenced for the three offenses. In the driving with a suspended license case, 93 CR 3193, Riley received a 15-month sentence based on a criminal history score of A, counting the forgery and attempted aggravated battery convictions as part of the criminal history. In the attempted battery case, 94 CR 555, Riley received a 15-month sentence based on a criminal history score of B, counting the forgery and driving with a suspended license convictions as part of the criminal history. In the forgery case, 94 CR 1100, Riley received a 23-month sentence based on a criminal history score of A, counting the attempted aggravated battery and driving with a suspended license convic-

tions as part of the criminal history. The sentences were ordered to be served concurrently.

In contending the trial court erroneously computed his criminal history score, Riley argues the trial court improperly included the convictions from the other cases to which he pled no contest at the August 19, 1994, hearing. Had the trial court not included the attempted aggravated battery conviction in his criminal history for the forgery conviction, Riley would have had a criminal history score of B and would have been subject to a maximum sentence of 20 months, absent a departure. K.S.A. 1993 Supp. 21-4704.

Whether the trial court correctly determined each conviction was to be included in the criminal history of each other conviction is a question of statutory interpretation, and our review is unlimited. See *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs if it can be ascertained. See *State v. Gonzales*, 255 Kan. 243, 248-49, 874 P.2d 612 (1994).

The issues Riley raises were recently decided contrary to his contentions in *State v. Roderick*, 259 Kan. 107, 259 P.2d 159 (1996), under the 1994 version of the Kansas Sentencing Guidelines Act (KSGA). In relevant part, *Roderick* provides in Syl. ¶ 4:

"The definition of 'prior conviction' in K.S.A. 1994 Supp. 21-4710(a) is not ambiguous. A 'prior conviction' includes multiple convictions entered on the same date in different cases for purposes of sentencing for any of those convictions."

Thus, under the 1994 version of the KSGA, Riley's appeal would be meritless. Both parties rely on the 1994 version of the KSGA and the provisions unique to it. However, our review of the record reveals that Riley's convictions were for acts occurring after July 1, 1993, but before July 1, 1994, and thus the 1993 version of the KSGA applies because "the fundamental rule is that a person convicted of a crime is given the sentence in effect when the crime was committed. See *State v. Reed*, 248 Kan. 792, 795, 811 P.2d 1163 (1991)." *State v. Fierro*, 257 Kan. 639, 649, 895 P.2d 186 (1995).

Additionally, the parties err in relying on the 1994 amendments because, if the 1993 act would have resulted in a shorter sentence, sentencing Riley under the 1994 act would be an ex post facto violation. An ex post facto violation occurs when a new law is retroactively applied to events that occurred before its enactment and the new law disadvantages the offender affected by it. *Miller v. Florida*, 482 U.S. 423, 430, 96 L. Ed. 2d 351, 107 S. Ct. 2446 (1987).

The *Roderick* court explained in part how the 1993 version of the KSGA was materially different from the 1994 version:

"The term 'conviction event' was defined at K.S.A. 1993 Supp. 21-4703(c) (the guidelines definition section) as

'one or more felony convictions occurring on the same day and within a single court. These convictions may result from multiple counts within an information or from more than one information.'

"In 1994, the legislature deleted all references to conviction events from the guidelines (from 21-4703 in L. 1994, ch. 291 § 49; from 21-4720(b)(4) in L. 1994, ch. 291, § 59). The legislature provided that the limits on the total sentence would apply to 'multiple convictions arising from multiple counts within an information, complaint or indictment.' K.S.A. 1994 Supp. 21-4720(b)(4). The legislature changed a same day, single court requirement to a same information or complaint requirement to invoke the double rule limit. The change was made for the purpose of 'limiting the application of the "double rule" limit for consecutive sentence[s] to multiple [counts] in the same case rather than all counts for which the defendant was convicted at one time, regardless of whether from different cases.' Kansas Report on Legislative Interim Studies, p. 116 (1993)." 259 Kan. at 114.

Therefore, although *Roderick* was not a "multiple conviction" case under K.S.A. 1994 Supp. 21-4720(b), Riley's multiple convictions in several cases on a single day in a single court are clearly a single "conviction event" under the 1993 act.

In addition, the K.S.A. 1994 Supp. 21-4710(a) definition of a "prior conviction," upon which the *Roderick* court relied in determining that prior convictions include convictions in separate cases entered the same day, was not a part of the 1993 statute. That language of the 1994 statute provides: "A prior conviction is any conviction which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction

occurred before or after the current offense or the conviction in the current case."

K.S.A. 1993 Supp. 21-4720(b) provides:

"The sentencing judge shall have discretion to impose concurrent or consecutive sentences in multiple conviction cases. In cases where consecutive sentences may be imposed by the sentencing judge, the following shall apply:

. . . .

"(2) The sentencing judge must establish a base sentence for the primary crime. The primary crime is the crime with the highest crime severity ranking. . . .

"(3) The base sentence is set using the total criminal history score assigned.

"(4) The total sentence assigned for a current conviction event cannot exceed twice the base sentence. The, postrelease supervision term will reflect only the primary crime. Supervision periods will not be doubled.

"(5) Nonbase sentences will not have criminal history scores applied, as calculated in the criminal history I column of the grid, but base sentences will have the full criminal history score assigned."

Because K.S.A. 1993 Supp. 21-4720(b)(4) puts limits on the total sentence in cases involving "conviction events" (multiple convictions in the same court on the same day), but that subsection only applies in "multiple conviction cases" per K.S.A. 1993 Supp. 21-4720(b), we conclude the legislature intended the term "multiple conviction cases" in the 1993 act to include cases like Riley's involving multiple convictions in a single "conviction event," and not just cases in which multiple convictions occur under a single case number. See *State v. Fields*, 22 Kan. App. 2d 148, Syl. ¶ 2, 912 P.2d 774 (1996). It therefore appears the trial court *did* err in computing the criminal history score for the two nonbase sentences (the attempted aggravated battery conviction and the driving while suspended conviction) because K.S.A. 1993 Supp. 21-4720(b)(5) specifically says: "Nonbase sentences will not have criminal history score applied." But, such a determination does not require reversal under the facts of this appeal because the sentences for those convictions were imposed concurrently, are less in time (15 months as opposed to the sentence of 23 months for the forgery conviction), and did not disadvantage Riley.

As a "multiple conviction case" within the meaning of K.S.A. 1993 Supp. 21-4720(b), the trial court should have first determined the primary crime, K.S.A. 1993 Supp. 21-4720(b)(2); determined

a base sentence by applying Riley's total criminal history to that primary crime, K.S.A. 1993 Supp. 21-4720(b)(3); determined the nonbase sentences for the remaining crimes without any criminal history, K.S.A. 1993 Supp. 21-4720(b)(5); determined whether to run the base and nonbase sentences consecutively or concurrently; and then determined the maximum possible consecutive sentence under the double rule limit, K.S.A. 1993 Supp. 21-4720(b)(4).

Although the trial court did not follow the statutory methodology in determining Riley's criminal history, it reached the correct result as to the criminal history score of the most serious charge, as hereinafter explained. Since the sentence for the forgery charge constitutes Riley's controlling sentence, we affirm the trial court. See *State v. Cruz*, 15 Kan. App. 2d 476, 481, 809 P.2d 1233, *rev. denied* 249 Kan. 777 (1991) (reasons given by trial court immaterial if ruling correct for any reason).

Our review of the 1993 version of the KSGA convinces us that all nonprimary convictions in existence at the time of the sentencing form part of the criminal history applied to the primary crime under the act. K.S.A. 1993 Supp. 21-4712 provided:

"Prior convictions of the present crime, regardless of number, shall not be included in the criminal history score when they are elements or enhance the severity level of the present crime of conviction. All other previous convictions shall be included in the criminal history score."

This statute makes clear that all "previous" convictions, with narrow exceptions, are part of the criminal history score. However, it does not say "previous" to what. It is not clear from this statute in isolation if the convictions are previous to the current conviction, the current sentencing hearing, or the current conviction event. The definition section of the KSGA, K.S.A. 1993 Supp. 21-4703(d), clarifies this question by stating:

" '[c]riminal history' means and includes adult felony, class A misdemeanor, class B person misdemeanor, or select misdemeanor convictions and comparable juvenile adjudications *possessed by an offender at the time such offender is sentenced.*" (Emphasis added.)

Relying on this language, the Court of Appeals has held that a conviction occurring in another county before the sentencing of

the crime for which sentence was being determined is to be included in the criminal history. *State v. Chronister*, 21 Kan. App. 2d 589, 596, 903 P.2d 1345 (1995).

The legislature is presumed to intend its enactments to be read literally, unless doing so would lead to absurd results. See *Bank of Kansas v. Davison*, 253 Kan. 780, 788, 861 P.2d 806 (1993); *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992). Read literally, convictions of nonprimary crimes, because they are possessed by an offender at the time of sentencing for the primary crime, must be considered as part of the criminal history for the primary crime.

Although the trial court does not appear to have followed this analysis, it reached the same result by including the two other convictions in sentencing Riley for the forgery conviction, thereby increasing his criminal history score from B to A. We conclude that Riley was not prejudiced. Because the forgery sentence determines the time Riley is to be incarcerated, it would be a futile action to require Riley to be resentenced for the two other crimes, which, although erroneously entered, have no effect on the time Riley is required to serve since all of the sentences were ordered to be served concurrently.

We specifically disapprove of the trial court's application of Riley's full criminal history to his nonprimary crimes. However, because the trial court correctly applied the proper criminal history score to the controlling forgery sentence, the sentence is affirmed.

Affirmed.