(955 P.2d 130)

No. 78,078

STATE OF KANSAS, *Appellee*, v. MICHAEL BOLIN, *Appellant*.

Opinion filed February 20, 1998.

*Randall L. Hodgkinson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

No appearance for appellee.

Before LEWIS, P.J., RULON, J., and WAHL, S.J.

WAHL, J.: Michael Bolin appeals the trial court's order which applied Bolin's full criminal history score to his 94-CRM-938 sentences.

On May 19, 1994, Michael Bolin was charged in case No. 94-CRM-622 with committing the crimes of forgery, burglary, and misdemeanor theft. On July 22, 1994, the State filed case No. 94-CRM-938 against Bolin, alleging that on July 14, 1994, he committed several counts of vehicular burglary, one count of felony obstruction, and one count of misdemeanor theft. On August 4, 1994, Bolin pled guilty to two counts of forgery in 94-CRM-622. On the same day, he pled guilty to three counts of vehicular burglary and one count of felony obstruction in 94-CRM-938.

On October 24, 1994, Bolin was sentenced in both cases. In 94-CRM-622, the district court found that the offense was a severity level 8 and Bolin's criminal history category was E. The trial court imposed a presumptive 14-month sentence on each count, to be

served concurrently. In 94-CRM-938, the court found the offenses were severity level 9 and Bolin had a criminal history score of E. The court imposed a sentence of 21 months on each count of burglary and 10 months on the obstruction count, to be served concurrently. Additionally, the trial court ordered the sentences in 94-CRM-938 to be served consecutive to the sentences in 94-CRM-622.

Bolin filed a motion to correct an illegal sentence, claiming the court had applied an incorrect sentencing range and had erroneously applied his full criminal history to his 94-CRM-938 sentences.

The trial court found that it had applied an incorrect sentencing range in 94-CRM-938 and reduced the controlling sentence to 10 months. The court found, however, that Bolin's full criminal history score of E had been correctly applied to his sentences in 94-CRM-938.

Bolin appeals the district court's finding that Bolin's sentencing in two separate cases, on the same day, does not constitute a single "multiple conviction case" under K.S.A. 21-4720(b).

This issue requires the court to interpret the Kansas statutes governing sentencing in multiple conviction cases. Interpretation of a statute is a question of law subject to unlimited appellate review. *Blomeyer v. State*, 22 Kan. App. 2d 382, 384, 915 P.2d 790, *rev. denied* 260 Kan. 991 (1996).

K.S.A. 21-4720 addresses sentencing in multiple conviction cases and provides in pertinent part:

"(b) The sentencing judge shall otherwise have discretion to impose concurrent or consecutive sentences in multiple conviction cases. . . . In cases where consecutive sentences may be imposed by the sentencing judge, the following shall apply:

. . . .

"(2) The sentencing judge must establish a base sentence for the primary crime. The primary crime is the crime with the highest crime severity ranking. . . .

"(3) The base sentence is set using the total criminal history score assigned.

"(4) The total prison sentence imposed in a case involving multiple convictions arising from multiple counts *within an information, complaint or indictment* cannot exceed twice the base sentence. . . .

"(5) Nonbase sentences will not have criminal history scores applied, as calculated in the criminal history I column of the grid, but base sentences will have the full criminal history score assigned.

"(6) If the sentence for the primary crime is a prison term, the entire imprisonment term of the consecutive sentences will be served in prison." (Emphasis added.)

Bolin argues that subsection (5) should have been applied by the sentencing court. If the sentencing court had applied subsection (5), then one of the severity level 8 offenses in 94-CRM-622 would have been Bolin's base crime, and all other offenses, including his 94-CRM-938 convictions, would have a criminal history score of I applied to them.

The basic rule of statutory construction is that the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and not ambiguous, the court must give effect to the intent of the legislature and not try to determine what the law should or should not be. While a general rule is that a criminal statute is to be strictly construed in favor of the accused, this rule is subordinate to the rule that judicial construction must be reasonable to effect the legislative intent. *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 (1995).

While K.S.A. 21-4720(b) sets the procedure for determining sentences to be imposed in "multiple conviction cases," the term "multiple conviction case" is not defined.

We must first determine if this is a "multiple conviction case" as the term is used in the statute. Prior to July 1, 1994, K.S.A. 1993 Supp. 21-4703(c) defined the term "conviction event" as "one or more felony convictions occurring on the same day and within a single court. These convictions may result from multiple counts within an information or from more than one information." The Kansas Supreme Court held that cases falling within the definition of a conviction event were "multiple conviction cases" and fell under the limitations found in subsection (b). See *State v. Riley*, 259 Kan. 774, 778, 915 P.2d 774 (1996).

Effective July 1, 1994, the legislature eliminated all references to "conviction events" from the statutes and amended K.S.A. 21-4720(b)(4), which had applied only to conviction events, to restrict

application of the "double rule" to "multiple convictions arising from multiple counts within an information, complaint or indictment."

The Kansas Supreme Court addressed a part of our problem in *State v. Roderick*, 259 Kan. 107, 114, 911 P.2d 159 (1996), as follows:

"The legislature changed a same day, single court requirement to a same information or complaint requirement to invoke the double rule limit. The change was made for the purpose of 'limiting the application of the "double rule" limit for consecutive sentence[s] to multiple [counts] in the same case rather than all counts for which the defendant was convicted at one time, regardless of whether from different cases.' Kansas Report on Legislative Interim Studies, p. 116 (1994).

". . . The double rule limit applies only to cases involving multiple convictions arising from multiple counts within an information, complaint, or indictment, not multiple convictions arising from separate cases pled to on the same date."

The *Roderick* court was interpreting the definition of "prior conviction" in K.S.A. 1994 Supp. 21-4710(a) for purposes of determining the criminal history score under the Kansas Sentencing Guidelines Act. The holding of the court in *Roderick* is not "on all fours" with the facts or the issue before us, but the rationale in *Roderick* is helpful.

The legislature eliminated the term "conviction event," which was defined to include convictions resulting from multiple counts in one information or from more than one information. This statutory change is significant and denotes the intent of the legislature to change sentencing rules. By K.S.A. 21-4720(b)(4), the legislature limited the application of the "double rule" limit for consecutive sentences to multiple counts within *an* (the same) information, complaint, or indictment.

All sections of a statute must be construed together. K.S.A. 21-4720(b)(5), when construed with subsection (b)(4), must be held to apply to nonbase sentences included in the same charging document as the base sentence. As stated in *Roderick*, "[t]he double rule limit applies only to cases involving multiple convictions arising from multiple counts within an information, complaint, or indictment, not multiple convictions arising from separate cases pled to on the same date." 259 Kan. at 114.

The case before us involves two multiple conviction cases—multiple convictions arising from multiple counts within an information. The total prison sentence in neither case exceeded twice the base sentence, but the nonbase sentences were ordered to be served concurrent with the base sentences.

We are not here involved with the pre-July 1, 1994, consideration of a "conviction event" since in 94-CRM-622, concerning crimes committed on May 19, 1994, defendant was sentenced to concurrent sentences. The concept of "conviction event" was no longer relevant to 94-CRM-938, which charged crimes committed on July 14, 1994.

We are not unmindful of the decision of a panel of this court in *State v. Christensen*, 23 Kan. App. 2d 910, 937 P.2d 1239 (1997). Suffice it to say, we do not agree with that decision as it pertains to the issue of whether and how K.S.A. 21-4720(b)(5) should be applied when sentencing a defendant for multiple crimes arising from several charging documents all on the same day.

The trial court did not err in holding that defendant's same day convictions and sentences in 94-CRM-622 and 94-CRM-938 did not constitute a single multiple conviction case under K.S.A. 21-4720(b), nor did the trial court err by applying defendant's full criminal history when computing the base sentence for each case.

As a final comment, we note that the State failed to submit a brief in this matter. As this court stated in *Zapata v. State*, 14 Kan. App. 2d 94, 99, 782 P.2d 1251 (1989), "That demonstrates to us not only a lack of interest but also a material lack of confidence in the . . . convictions obtained." We would add that it also shows a disrespect for this court and unnecessarily increases the workload of this court.

Affirmed.