No. 78,078

STATE OF KANSAS, *Appellee*, v. MICHAEL BOLIN, *Appellant*.

Nos. 78,257
78,258

STATE OF KANSAS, *Appellee*, v. MICHAEL WOODWARD, *Appellant*.
(968 P.2d 1104)

Opinion filed October 30, 1998.

*Lisa Nathanson,* assistant appellate defender, argued the cause, and *Randall L. Hodgkinson,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were with her on the brief for appellant.

*Julie A. McKenna,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with her on the brief for appellee.

*Lisa Nathanson*, assistant appellate defender, argued the cause, and *James Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were with her on the briefs for appellant.

*Clinton B. Peterson*, assistant county attorney, and *Carla J. Stovall*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

SIX, J.: These two consolidated cases require interpretation of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*

Michael Bolin and Michael Woodward seek review of the Court of Appeals decisions affirming their sentences. Both cases concern the definition of a "multiple conviction case" under K.S.A. 21-4720(b). We granted both defendants' petitions for review to reconcile conflicting definitions of the term "multiple conviction case" under K.S.A. 21-4720(b). The conflict arises from two Court of Appeals decisions: *State v. Bolin*, 24 Kan. App. 2d 882, 955 P.2d 130 (1998), and *State v. Christensen*, 23 Kan. App. 2d 910, 937 P.2d 1239 (1997). Our jurisdiction is under K.S.A. 20-3018(b); Rule 8.03 (1997 Kan. Ct. R. Annot. 52).

We resolve the conflict by extending the holding of *State v. Roderick*, 259 Kan. 107, 911 P.2d 159 (1996), which addressed, in part, the questions raised by Bolin and Woodward. A multiple conviction case is a case involving multiple crimes arising under a single charging document. The definition applies for all provisions of K.S.A. 21-4720(b). *Bolin* is affirmed. We disapprove of the conflicting language in *Christensen*. *Woodward* is affirmed in part, reversed in part, and remanded.

## FACTS
### *State v. Bolin*

Bolin pled guilty to two counts of forgery (94 CRM 622). On the same date, and in the same court, he also pled guilty to three

counts of vehicular burglary and one count of felony obstruction (94 CRM 938). Bolin committed the burglary and felony obstruction while he was on bond from his forgery charges. On October 24, 1994, he was sentenced in both cases. On the forgery counts, the district court found a crime severity level 8 offense and a category E criminal history. (References to "crime severity level" and to "criminal history" are from the KSGA, K.S.A. 21-4701 *et seq.*) The court imposed a presumptive 14-month concurrent sentence on each count. The court found that the offenses on the burglary and felony obstruction convictions were crime severity level 9 offenses and Bolin's criminal history score was E. The court believed that the sentence imposed in the burglary/obstruction case was a presumptive sentence under the KSGA. The forgery sentences were consecutive to the burglary/obstruction sentences.

Bolin filed a motion to correct an illegal sentence. He claimed that the district court had applied an incorrect sentencing range and had erroneously applied his full criminal history to his burglary/obstruction sentence. The district court agreed in part and reduced the controlling sentence to 10 months. However, the court reasoned that Bolin's full criminal history score of E was correctly applied to his sentence on all counts. Bolin appealed, arguing that his criminal history score for his nonbase crimes should have been calculated as I. He contends that his sentencing in two separate cases, on the same date, and in the same court, constituted a "multiple conviction case" under K.S.A. 21-4720(b)(5).

Bolin's arguments were rejected by the Court of Appeals. The *Bolin* panel reasoned that, under the rationale of *Roderick*, K.S.A. 21-4720(b)(5) applies only to "multiple counts within *an* (the same) information, complaint, or indictment." 24 Kan. App. 2d at 885. The Court of Appeals noted it was mindful of a contrary decision in *Christensen* but stated: "[W]e do not agree with that decision as it pertains to the issue of whether and how K.S.A. 21-4720(b)(5) should be applied . . . ." 24 Kan. App. 2d at 886.

### State v. Woodward

We turn now to *Woodward*, an unpublished Court of Appeals decision. Woodward pled guilty to one count of possession of ma-

rijuana, a crime severity level 4 drug felony (95 CR 262). The same date, he pled guilty to one count of driving while suspended, a crime severity level 9 nonperson felony (95 CR 282). August 25, 1995, the district court sentenced Woodward in both cases. In the marijuana case the district court found Woodward fell into drug grid box 4-E, a presumptive prison box, and imposed 20 months' imprisonment. In the driving while suspended case, the district court found Woodward fell into a presumptive nonprison box 9-E; however, it imposed a prison sentence (10 months, to run consecutive to the 20-month term imposed on the marijuana charge) because Woodward committed the offense while he was out on bond in the marijuana case. The district court imposed the prison term despite the fact the offense carried a presumptive nonimprisonment sentence.

Woodward appeals on two grounds. First, he argues that the district court erred by ordering prison time in a presumptive non-imprisonment case because of his "on bond" status. Second, relying on *Christensen*, he contends his was a "multiple conviction case" under K.S.A. 21-4720(b)(5) (he was sentenced in two different cases on the same date in the same court). According to Woodward, his correct criminal history score for his nonbase crime, driving while suspended, should have been I, not E.

Addressing Woodward's first contention, the Court of Appeals held that the district court erred in sentencing Woodward to prison based solely on his being on bond. However, the Court of Appeals, relying on *Christensen*, 23 Kan. App. 2d at 918, reasoned that the district court was required to impose imprisonment on the second sentence under K.S.A. 21-4720(b)(6). The *Woodward* panel also held the district court had discretion to order the prison terms to run consecutively or concurrently, presumably under K.S.A. 21-4608(a). Because the record was unclear as to whether the district court exercised its discretion, the Court of Appeals remanded for that consideration only.

As to Woodward's second contention, the panel held that his was not a "multiple conviction case" under 21-4720(b), applying *Roderick*, 259 Kan. 107, Syl. ¶ 3.

## DISCUSSION
### Statutory and Case History

While K.S.A. 21-4720(b) sets the procedure for determining sentences to be imposed in "multiple conviction cases," the term "multiple conviction case" is not statutorily defined.

K.S.A. 21-4720(b) reads in part:

"(b) The sentencing judge shall otherwise have discretion to impose concurrent or consecutive sentences *in multiple conviction cases.* . . . In cases where consecutive sentences may be imposed by the sentencing judge, the following shall apply:

. . . .

(2) The sentencing judge must establish a base sentence for the primary crime. The primary crime is the crime with the highest crime severity ranking. . . .

(3) The base sentence is *set using the total criminal history score assigned.*

(4) The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence. . . .

(5) Nonbase sentences will not have criminal history scores applied, as calculated in the criminal history I column of the grid, but base sentences will have the full criminal history score assigned.

(6) If the sentence for the primary crime is a prison term, the entire imprisonment term of the consecutive sentences will be served in prison." (Emphasis added.)

We first examined the question of what constitutes a "multiple conviction case" in *Roderick*, 259 Kan. 107. The Court of Appeals panels in *Christensen* and *Bolin* interpreted portions of *Roderick* differently. In *Roderick*, we were asked to decide whether the K.S.A. 21-4720(b)(4) "double rule" applied to sentencing cases involving multiple crimes arising in different charging documents ("The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information . . . cannot exceed twice the base sentence."). Answering "no," we reasoned that before July 1, 1994, K.S.A. 21-4703(c) defined the term " 'conviction event' " as " 'one or more felony convictions occurring on the same day and within a single court. These convictions may result from multiple counts within an information or from more than one information.' " 259 Kan. at 114. However, effective July 1, 1994, the legislature eliminated all references to

"conviction events" to limit application of the "double rule" contained in K.S.A. 21-4720(b)(4) only to multiple convictions arising from multiple counts in the same charging document. Thus, the rule announced in *Roderick* is:

"The double rule limit [in K.S.A. 21-4720(b)(4)] applies only to cases involving multiple convictions arising from multiple counts within an information, complaint, or indictment, not multiple convictions arising from separate cases pled to on the same date." 259 Kan. at 114.

The *Christensen* court was asked whether K.S.A. 21-4720(b)(6) applies only to cases where the crimes are charged in a single document with multiple counts or to multiple crimes in multiple charging documents. Stated differently, the issue was whether a "multiple conviction case" means multiple cases (charging documents) or multiple counts in only one charging document. Christensen was charged with various drug crimes in different charging documents. She pled guilty to two different crimes, each charged in a different information. She was sentenced for both crimes on the same date and in the same court. *Christensen* concluded that all of the provisions of K.S.A. 21-4720(b), except subsection (b)(4), apply when sentencing a defendant for multiple crimes arising from different charging documents. 23 Kan. App. 2d at 918.

### Bolin's Case

Bolin argued that the district court erred in finding that his sentencing in two separate cases on the same day did not constitute a single "multiple conviction case" under K.S.A. 21-4720(b). The *Bolin* panel reasoned that the legislature changed the statute to limit the application of the "double rule" to multiple counts "within *an* (the same) information, complaint, or indictment." 24 Kan. App. 2d at 885. The Court of Appeals in *Bolin* held that all subsections of K.S.A. 21-4720(b) must be construed together. Under the rationale of *Roderick*, the *Bolin* panel concluded: "K.S.A. 21-4720(b)(5) is held to apply to nonbase sentences included in the same charging document as the base sentence." 24 Kan App. 2d 882, Syl. ¶3. We agree.

The panel in *Bolin* then noted:

"We are not unmindful of the decision of a panel of this court in *State v. Christensen*, 23 Kan. App. 2d 910, 937 P.2d 1239 (1997). Suffice it to say, we do not agree with that decision as it pertains to the issue of whether and how K.S.A. 21-4720(b)(5) should be applied when sentencing a defendant for multiple crimes arising from several charging documents all on the same day." 24 Kan. App. 2d at 886.

The interpretation of the KSGA is a question of law, and thus, our review is unlimited. *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993). Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from the statute. The general rule is that a criminal statute must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The strict construction rule, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 (1995).

Although the *Bolin-Christensen* conflict is not easily resolved, the rationale of the *Bolin* panel in extending *Roderick* is persuasive. The legislature changed K.S.A. 21-4720(b) (effective July 1, 1994) to limit the application of the "double rule" to cases involving multiple convictions arising from the same charging document. As the panel in *Bolin* pointed out, "[a]ll sections of a statute must be construed together." 24 Kan. App. 2d at 885. The legislature eliminated all references to "conviction events" and used the language "*an* information" in subsection (b)(4) to implement the limitation of the reach of K.S.A. 21-4720(b). (Emphasis added.) "In construing statutes and determining legislative intent, several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible. [Citation omitted.]" *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998). The provisions of K.S.A. 21-4720(b) should be construed consistently.

The district court properly sentenced Bolin. Bolin argues that even if *Roderick* is extended, he must be given the benefit of K.S.A. 21-4720 under *State v. Riley*, 259 Kan. 774, 778, 915 P.2d 774 (1996), because his forgery crimes were committed before July 1,

1994. We disagree. Riley's multiple crimes arising from multiple charging documents were committed before the legislative changes relied upon in *Roderick*. We held Riley should have been sentenced under K.S.A. 21-4720(b). As a result, Riley's criminal history was improperly computed, and his nonbase crimes should have had a criminal history of I under K.S.A. 21-4720(b)(5). 259 Kan. at 778.

*Riley* does not affect Bolin's sentence. The *Riley* rule is applicable only to: (1) crimes committed before July 1, 1994, the date K.S.A. 21-4720(b) was amended; and (2) sentencing on convictions for pre-July 1, 1994 crimes, whether they arise from a single or multiple charging documents. Only Bolin's forgery counts occurred before July 1, 1994 (94 CRM 622). The crimes in Bolin's second case (94 CRM 938) were committed after July 1, 1994, and therefore do not come under the *Riley* rule.

Bolin's sentences on the forgery counts and on the burglary/obstruction counts would *each* be multiple conviction cases and subject to the limitation in K.S.A. 21-4720(b)(5). Subsection (b)(5) would shorten Bolin's nonbase sentences. However, Bolin's two 14-month sentences in the forgery cases were ordered served concurrently. The same is true with the burglary/obstruction sentences. Bolin's base sentence was 10 months on the burglary charge. He received 10 months on the felony obstruction charge, the nonbase sentence. The sentences Bolin serves will not change even if K.S.A. 21-4720(b)(5) is applied to his nonbase sentences because he is serving the nonbase sentences concurrent with his base sentences. The base sentences are not affected by the application of K.S.A. 21-4720(b)(5).

## Woodward's Case

Woodward's case is remanded for resentencing consistent with *State v. Arculeo*, 261 Kan. 286, 933 P.2d 122 (1997) (holding that a defendant committing crimes while released on bond is not on conditional release under K.S.A. 21-4603d). A district judge is not allowed to impose a prison term where presumptive nonimprisonment is provided for in the KSGA absent a departure.

The district court sentenced Woodward to a prison term because Woodward committed a presumptive nonimprisonment crime while on bond. The Court of Appeals in *Woodward* held *Arculeo* controlled, and the district court erred in sentencing Woodward to prison based solely on his being on bond. However, the Court of Appeals upheld the resulting sentence, applying *Christensen* to K.S.A. 21-4720(b)(6) ("[i]f the sentence for the primary crime is a prison term, the entire imprisonment term of the consecutive sentences will be served in prison"). K.S.A. 21-4720(b)(6) does not apply to Woodward as a result of our extension of *Roderick*. Thus, the district court had no statutory basis for imposing a prison term in a presumptive nonimprisonment case absent a departure.

We affirm the Court of Appeals decision in *Bolin*, disapprove the conflicting language in *Christensen*, and reverse and remand *Woodward* for resentencing consistent with *Arculeo*.