The Honorable Alfred J. Lane State Representative, 25th District 6529 Sagamore Road Mission Hills, Kansas 66208
Dear Representative Lane:
You inquire whether a dentist who provides anesthesia services pursuant to K.S.A. 65-2899 is permitted to operate without supervision of a licensed physician. You also inquire whether these dentists may supervise certified registered nurse anesthetists in non-dental procedures.
K.S.A. 65-2899 permits certain dentists to administer general and local anesthesia. The statute states:
 "A dentist licensed in accordance with the provisions of article 14 of chapter 65 of the Kansas Statutes Annotated shall be certified by the board of healing arts to administer general and local anesthetics to facilitate medical procedures conducted by a person licensed to practice medicine and surgery if such dentist has completed a course of study and residency program in anesthesia from the university of Kansas school of medicine and if such dentist has received a certificate attesting to the successful completion of such course of study and residency program. The board of healing arts may limit, suspend or revoke such certification if a person so certified is found to have committed any of the acts enumerated in K.S.A. 65-2836, and amendments thereto, where applicable. The procedure for limitation, suspension or revocation of such certification shall be in accordance with the Kansas administrative procedure act."
The statute authorizes dentists who complete an anesthesia program from the University of Kansas to administer general and local anesthetics to facilitate medical procedures conducted by persons licensed to practice medicine and surgery.
You question whether the administration of general and local anesthetics under this statute requires that a licensed physician supervise a dentist (D.D.S.) anesthesiologist, given that although certified and disciplined under the Kansas Board of Healing Arts, a D.D.S. anesthesiologist cannot engage in the practice of the healing arts.[1] You suggest that because dentists administering anesthesia and certified registered nurse anesthetists are both exempted from the jurisdiction of the Board of Healing Arts by K.S.A. 65-2872(m), they must be limited in the same manner.
Supervision in the broad sense implies one having authority over others to superintend and direct.[2] The term "supervision" is defined in the healing arts statutes in regard to physicians' assistants[3] and in the dental statutes dealing with the direct supervision of a dental hygienist.[4] Another similar definition of supervision appears in the nursing statutes dealing with intravenous fluid therapy.[5] Each of these definitions is consistent with the broad definition requiring oversight and placing ultimate responsibility on the person supervising.
Supervision, as so defined, is not required by either K.S.A. 65-2899, authorizing the practice of a D.D.S. anesthesiologist, or K.S.A.65-2872, the statute that sets forth areas which are not considered the practice of the healing arts. The preclusion in K.S.A. 65-2872 states in part:
 "The practice of the healing arts shall not be construed to include the following persons:
. . . .
 "(q) A dentist licensed in accordance with the provisions of article 14 of chapter 65 of the Kansas Statutes Annotated who administers general and local anesthetics to facilitate medical procedures conducted by a person licensed to practice medicine and surgery if such dentist is certified by the board of healing arts under K.S.A. 65-2899 to administer such general and local anesthetics."
This provision does, however, present an ambiguity about the scope of practice of a D.D.S. anesthesiologist. We turn to statutory construction rules in order to determine the scope of practice intended by K.S.A.65-2899. Statutory interpretation is a question of law and the appellate court's scope of review is unlimited[6] When a statute is ambiguous, the fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the Legislature governs if that intent can be ascertained.[7] In determining legislative intent, courts are not limited to the language used, but may consider the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested.[8]
Legislative history clearly indicates that the statute was intended to qualify certain dentists to administer anesthesia without supervision and in the same manner as physicians who are qualified to administer anesthesia.[9] The statute was enacted to address the shortage of qualified anesthesiologists, but not to authorize the general practice of medicine by a dentist who successfully completed the program. Correspondence from the Kansas Medical Society dated February 17, 1976 explains the Legislature's exclusion of D.D.S. anesthesiologists from the practice of the healing arts by stating that the Kansas Dental Board (regulating dentists) should not be placed in a position to set medical standards by placing these D.D.S. anesthesiologists under their jurisdiction.[10] Although not intended for this purpose, the correspondence explains the Legislature's exclusion of D.D.S. anesthesiologists from the practice of the healing arts. The Legislature placed the practice under the jurisdiction and control of the Kansas Board of Healing Arts by authorizing certification and disciplinary action,[11]
but distinguished between a D.O. or M.D. anesthesiologist and a D.D.S. anesthesiologist by exempting D.D.S. anesthesiologists from the practice of the healing arts.[12] The intent of K.S.A. 65-2872(q) was not to place supervisory requirements on D.D.S. anesthesiologists, but rather to limit their practice to the practice of anesthesiology.
In conclusion, it is our opinion that K.S.A. 65-2899, which authorizes a D.D.S. anesthesiologist to administer general and local anesthesia to facilitate medical procedures conducted by a person licensed to practice medicine and surgery, does not require the D.D.S. anesthesiologist to practice under the supervision of a physician when engaged in the administration of anesthesia.
Your second question is whether a D.D.S. anesthesiologist can supervise a certified registered nurse anesthetist (CRNA) in a non-dental procedure. At issue is whether a D.D.S. anesthesiologist has the same supervisory qualifications as an anesthesiologist who is a D.O. or M.D.
As indicated in our answer to your first question, the scope of practice of a D.D.S. anesthesiologist is limited by K.S.A. 65-2899 to the practice of anesthesiology but has no restrictions which would otherwise make it different from the practice of anesthesiology by a D.O. or M.D. Accordingly, for the reasons discussed in answer to your first question, it is our opinion that a D.D.S. anesthesiologist has the same supervisory qualifications as a D.O. or M.D. anesthesiologist when engaged in the practice of anesthesiology.
We note that as a condition of obtaining federal financial assistance through Medicaid,[13] participating hospitals must require that a CRNA administer anesthesia only under the supervision of the "operating practitioner" or of "an anesthesiologist" who is immediately available if needed.[14] The federal regulation does not distinguish between a DDS anesthesiologist and a D.O. or M.D. anesthesiologist. The federal regulation imposing supervision is currently being considered for amendment to allow greater flexibility of hospitals and practitioners and to provide deference to State laws governing scope of practice by deleting the supervision requirement and allowing the CRNA to function without supervision where this is in accordance with State law.[15]
In conclusion it is our opinion that dentists providing anesthesia services pursuant to K.S.A. 65-2899 operate independently and in the same manner and with the same qualifications to supervise as an anesthesiologist M.D. or D.O., limited of course to the practice of anesthesiology.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] K.S.A. 65-2872(q).
[2] Black's Law Dictionary 1290 (5th ed. 1979).
[3] K.S.A. 65-2897a.
[4] K.S.A. 1997 Supp. 65-1456, as amended by L. 1998, Ch. 141, § 2.
[5] K.S.A. 1997 Supp. 65-1136(a)(4).
[6] State v. Riley, 259 Kan. 774 (1996); State v. Roderick, 259 Kan. 107
(1996).
[7] State v. Gonzales, 255 Kan. 243 (1994); City of Wichita v.200 South Broadway, 253 Kan. 434, 436 (1993).
[8] State v. Miller, 260 Kan. 892 (1996).
[9] Minutes, Senate Committee on Public Health and Welfare, February 17, 1976 and February 23, 1976.
[10] Minutes, Senate Committee on Public Health and Welfare, February 17, 1976, Attachment A.
[11] K.S.A. 65-2899.
[12] K.S.A. 65-2872.
[13] 42 C.F.R. § 430.1 (1997) and 42 C.F.R. § 482.1 (1997)
[14] Condition of participation: Anesthesia services42 C.F.R. § 482.52(a)(4) (1997).
[15] 62 Fed. Reg. 244 (1997) (proposed Dec. 19, 1997).