(22 P.3d 618)

No. 85,105

JERRY SCHWARTZ, *Appellee*, v. HAL JARVIS KUNZE and DELORES KUNZE, Husband and Wife, and DARCY D. KUNZE, *Appellants*.

Opinion filed May 4, 2001.

*Mark Edwards* of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction City, for the appellants.

*William M. Malcolm*, of Oberg and Malcolm, of Clay Center, for the appellee.

Before RULON, C.J., PIERRON, J., and ROGG, S.J.

PIERRON, J.: In the case before us, Hal Jarvis Kunze, Delores Kunze, and Darcy D. Kunze appeal the judgment of the trial court against them for the cost of repairs to a partition fence and the award of attorney fees.

Jerry Schwartz owns a parcel of land and the Kunzes own the adjoining parcel to the east. A partition fence running south to north divides the two properties. Fancy Creek runs west to east through the properties and under the partition fence.

On October 6, 1983, the Board of Riley County Commissioners (County), acting as fence viewers pursuant to K.S.A. 29-301, made an assignment for the building and maintenance of the fence. The assignment contained the rights and responsibilities of each party with respect to the fence. In addition to the partition fence, the assignment directed the Kunzes to maintain stock tight fences east of the partition fence on both sides of Fancy Creek.

When Schwartz inquired about a perceived fence problem in 1998, he was directed by the county counselor how to proceed in seeking to have the fence repaired. He allegedly followed those directions.

On May 29, 1998, Schwartz notified the Kunzes by certified mail that the partition fence in the Fancy Creek channel was in disre-

pair. The notice stated the Kunzes had until June 10, 1998, to repair the fence or Schwartz would repair it and bill the costs to the Kunzes. Hal inspected the fence and determined it did not need repair. Schwartz repaired the fence and sent a bill to the Kunzes.

Shortly thereafter, Schwartz felt the fence needed to be repaired again. On July 23, 1998, he sent another notice to the Kunzes, giving them until July 30, 1998, to repair the fence. The Kunzes again failed to repair the fence, and Schwartz repaired it and billed the Kunzes for the expense. Schwartz sent copies of the letters requesting the Kunzes to repair the fence to the County.

Schwartz then requested the County, pursuant to 29-303, to inspect the repairs and determine their value. The County determined the value of the repairs made on July 6, 1998, to be $265.00 and the value of the repairs made on August 15, 1998 to be $133.00. The Kunzes failed to pay for either repair.

Schwartz filed suit seeking to have the trial court order the Kunzes to pay for the repairs plus interest and attorney fees. The Kunzes filed a motion for summary judgment, claiming Schwartz had failed to comply with K.S.A. 29-302 by repairing the fence before the County had viewed it to determine whether it was in need of repair. The court denied the motion, ruling in part that compliance with 29-302 was not required to bring the action.

At trial Schwartz, Hal, and Darcy testified regarding the fence assignment. The trial court interpreted the assignment and held that the Kunzes had not maintained their portion of the fence in accordance with the assignment. The court awarded $398 plus interest at the rate of 1 percent per month from December 26, 1998, and assessed attorney fees of $2,951.05 with interest.

This case involves interpretation of the statutes regulating fence viewing. It is a question of statutory interpretation and is subject to unlimited review. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

The Kunzes claim Schwartz was required by 29-302 to request the County to inspect the fence to determine whether it needed repair before any repairs were undertaken. Schwartz counters that under 29-303, there is no such requirement.

As a preliminary matter, the Kunzes argue Schwartz did not bring this action at the trial level pursuant to K.S.A. 29-305, as Schwartz now claims, but rather pursuant to 29-303. The Kunzes are correct that the petition and the memorandum in opposition to the Kunzes' motion for summary judgment clearly state that relief is being sought under 29-303. In its order denying the Kunzes motion for summary judgment, the trial court found, seemingly on its own initiative, that Schwartz was entitled to repair the fence pursuant to 29-305 and compliance with 29-303 was not a prerequisite to bringing an action under 29-305. At the trial was the first time Schwartz mentioned 29-305 as a possible basis for relief. He also claimed in his written closing argument that the action was being brought pursuant to 29-305. The Kunzes argued in their written closing argument that the action was brought pursuant to 29-303 and, thus, Schwartz had to comply with 29-302. The court concluded the basis for the action was at least partially 29-305, and that is the issue presented to this panel.

The statutes relevant to this issue are 29-301 through 29-305. These statutes relate specifically to partition fences.

"The owners of adjoining lands shall keep up and maintain in good repair all partition fences between them in equal shares, so long as both parties continue to occupy or improve such lands, unless otherwise agreed." K.S.A. 29-301.

"If any party neglect to repair or rebuild a partition fence, or the portion thereof which he ought to maintain, the aggrieved party may complain to the fence viewers, who, after due notice to each party, shall examine the same, and if they determine that the fence is insufficient, shall signify it, in writing, to the delinquent occupant of the land, and direct him to repair or rebuild the same within such time as they may judge reasonable." K.S.A. 29-302.

"If such fence be not repaired or rebuilt accordingly, the complainant may repair or rebuild it, and the same being adjudged sufficient by the fence viewers, and the value thereof, with their fees, being ascertained by them and certified under their hands, the complainant may demand of the owner of the land where the fence was deficient, the sum so ascertained; and in case of neglect to pay the same for one month after written demand, may recover it, with interest at the rate of one percent per month, by action in any court of competent jurisdiction. In any such action the court shall allow the prevailing party a reasonable sum for attorney's fee." K.S.A. 29-303.

"When any controversy shall arise about the rights of the respective owners in partition fences, or their obligations to keep up and maintain the same in good repair, and if they cannot agree among themselves, either party may apply to the

fence viewers of the township in which such fence may be situated, who, after a reasonable notice to the other party, shall proceed, on application as aforesaid, to view such fence, and assign to each party, in writing, his equal share or part of such partition fence, to be by him kept up and maintained in good repair; which assignment shall be recorded by the register of deeds of the county in a book to be provided for that purpose, and shall be final, conclusive and binding upon the parties, and upon all the succeeding occupants of the lands, and they shall be obliged thereafter to maintain their respective portions of said fence." K.S.A. 29-304.

"If a party neglect or refuse to erect or maintain the part of the fence assigned him by the fence viewers, it may be erected and maintained by the aggrieved party in the manner before provided, and he shall be entitled to recover the ascertained cost thereof, with interest at the rate of one percent per month and a reasonable attorney's fee to be fixed and allowed by the court, by action in any court of competent jurisdiction; and the amount recovered, with costs, shall be a lien against the land chargeable with the same." K.S.A. 29-305.

The Kunzes assert that Schwartz was required under 29-302 to complain to the County and have it declare the fence insufficient before anyone was directed to undertake repairs. According to the Kunzes, this is the natural interpretation of the statute to cover a situation where adjoining landowners have a difference of opinion regarding whether a particular partition fence is in need of repair. In addition, it is the fence viewers' duty to determine a reasonable time for repair.

The Kunzes further assert the language found in 29-303 that a complaining party may repair a fence if it has not been repaired *accordingly* refers to the directions given by the fence viewers pursuant to 29-302. Since it is undisputed that there was no inspection by the County prior to Schwartz commencing the repairs, the Kunzes maintain that Schwartz would not be in statutory compliance for an action brought under 29-303.

The Kunzes' main argument, and the major point of contention in this case, is that 29-305, by providing that an aggrieved party may fix a neglected fence *in the manner before provided*, refers to 29-302 and 29-303 and requires a viewing of the fence before any repairs are made. The rationale provided for this interpretation is that too many problems can arise if an aggrieved landowner is permitted to determine when repairs are needed and to choose the method of notification and amount of time to fix the fence.

Also, the Kunzes state that to ignore the language "in the manner before provided" obviates the need to involve the fence viewers at all once an assignment has been made.

As partial support for their argument, the Kunzes' point to Vernon's Kansas Forms, §§ 2341, 2342, 2343, and 2344, which are referenced in the Research and Practice Aides following K.S.A. 29-302 and K.S.A. 29-303. Section 2344, titled "Complaint of Failure to Repair or Rebuild," instructs the attorney to follow § 2341 and states:

> "That on the _____ day of _____, 19___, the fence viewers made an order that _____ rebuild [*or*, repair] the _____ half of the partition fence between the land of complainant and that occupied by said _____ within _____ days; that said _____ failed and refused to comply with said order, and after the time above mentioned expired, and _____ still refusing to comply with said order complainant rebuilt said fence [*or*, repaired said fence], and now requests that you examine said fence and adjudge it sufficient, and ascertain the value of the work and material placed therein by complainant, and certify thereto.
>
> Dated _____ 19___
>
> [Signature]"

Section 2341 is the original "Complaint to Fence Viewers," which requests a fence viewing. The Kunzes contend this reference to § 2341 shows an understanding that the fence viewers shall be called back prior to a repair or rebuild by the complainant if an assignment has been made, one party refuses to comply, and the other party wishes to benefit from the provisions of K.S.A. 29-301 through -305.

We note that the language "in the manner before provided" does not necessarily refer to either K.S.A. 29-302 or K.S.A. 29-303 but might well refer to the rights and responsibilities found in the assignment filed pursuant to K.S.A. 29-304.

Schwartz agrees that 29-302 and 29-303 are to be read together to require an inspection by the fence viewers prior to repairs being made and a procedure to be followed by an aggrieved landowner when the repairs are not made as directed. However, Schwartz claims 29-304 provides a final answer to parties who are not able to agree on their rights and responsibilities regarding a partition fence. According to Schwartz, requiring an inspection every time

a landowner feels a fence needs to be repaired by the other landowner would defeat the purpose of 29-304, which is to negate such a requirement.

Schwartz contends the language "in the manner before provided" refers to 29-303, which itself does not specifically require an inspection prior to the actual repairs being made. This, Schwartz argues, is the clear intent of 29-305.

It is illogical to concede, as Schwartz does, that the remedy in 29-303 follows from the process provided in 29-302, and then to argue that 29-305 refers to 29-303 and not simultaneously to 29-302. It is not clear, as Schwartz argues, that this interpretation is what the legislature intended.

" 'In construing statutes and determining legislative intent, several provisions of an act, *in pari materia,* must be construed together with a view of reconciling and bringing them into workable harmony if possible.' [Citation omitted.]" *State v. Bolin,* 266 Kan. 18, 24, 968 P.2d 1104 (1998) (citing *State v. Vega-Fuentes,* 264 Kan. 10, 14, 955 P.2d 1235 [1998]). Construing the statutes in this case as a whole provides few clues about the legislature's intent regarding when fence viewers are required to inspect a partition fence. Neither party in the present case presents any real authority or support for their conclusions pertaining to which statutes are implicated.

The issue in this case boils down to whether the intent of the legislature was to require fence viewers to inspect a fence every time a dispute arises between adjoining landowners pursuant to 29-302 and 29-303, or, as in the present case, the presence of an assignment filed pursuant to 29-304 implicates 29-305, which does not specifically state the requirements of inspection.

We believe the five statutes quoted above need to be read together. While there is obvious support for the trial judge's reading of the statute, we are persuaded that the answer to our problem is found in the first sentence of 29-304, which reads: "When any controversy shall arise about the rights of the respective owners in partition fences, or their obligations to keep up and maintain the same in good repair, and if they cannot agree among themselves, either party may apply to the fence viewers."

This language appears to apply to both the original dispute and to any subsequent arguments over the obligation to keep up the fences. This seemingly all inclusive language is reasonable in context as it gives the objective fence viewers the ability to see the situation before action is taken and direct what is to be done.

We must therefore find that since the provisions of 29-304 and 29-305 were not followed, Schwartz cannot avail himself of the damage and attorney fee provisions of 29-303 and 29-305. We must reverse the decision rendered below and find that the repair costs and attorney fees cannot be recovered under K.S.A. 29-301 *et seq*.

While this ruling would resolve the remaining issues as to this case, we will address the other matters on appeal in case of review and for the benefit of subsequent parties with similar cases.

The Kunzes also claim the assignment as filed in 1983 was invalid because it did not divide responsibility for the fence in equal shares between the parties as required by 29-301. Schwartz contends the Kunzes did not raise this issue at the trial level and are now precluded from raising it here. The Kunzes point out the defense was raised in the answer to Schwartz's petition and in the pretrial order.

The issue was raised in the manner the Kunzes claim, but the issue pursued at trial focused more on the interpretation each party gave to the assignment, not the validity of the assignment. The trial court's memorandum of judgment quoted portions of the assignment when ruling on the parties' responsibilities, but the court was never asked to rule on the validity of the assignment. The Kunzes did not raise the issue at trial and cannot raise it now. *Lindsey v. Miami County National Bank*, 267 Kan. 685, 690, 984 P.2d 719 (1999).

In any event, we seriously doubt the unappealed 1983 order can now, in effect, be appealed.

Schwartz argues that another issue on appeal is whether the trial court correctly interpreted the assignment. The Kunzes did not raise this issue and Schwartz did not cross-appeal it. The issue is not properly before this court.

We are also asked to determine if the trial court erred in taking judicial notice of Riley County District Court Case No. 96-C-56.

Schwartz testified briefly during his direct examination about case No. 96-C-56 regarding the same subject matter and parties as the present case. Schwartz also included a reference to taking judicial notice of the case in his proposed findings of fact and written closing argument. The Kunzes argue Schwartz never requested the trial court to take judicial notice of the case and, therefore, it was error for the court to do so.

K.S.A. 60-409 governs which facts must or may be judicially noticed. The provisions concerning which facts may be judicially noticed absent a request from a party are not applicable to this case. See K.S.A. 60-409(a) and (b).

If a party wishes to request the trial court to take judicial notice of a fact not enumerated in K.S.A. 60-409(b), the party must furnish the judge "sufficient information to enable him or her properly to comply with the request" and give the adverse party "such notice as the judge may require to enable the adverse party to prepare to meet the request." K.S.A. 60-409(c). It is questionable whether the requirements of 60-409 were followed in this case.

However, even if it was error for the trial court to include mention of case No. 96-C-56 in its memorandum or judgment, the Kunzes have not shown it was prejudicial. The court mentions the case and another earlier case to illustrate the Kunzes had not been maintaining the fence in compliance with the assignment. The ultimate question was whether the Kunzes were liable for the cost of repairs performed by Schwartz. The court's determination that the Kunzes were responsible for a particular portion of the fence and failed to maintain it on the dates in question would not likely have been different in the absence of the case No. 96-C-56. Without a showing of prejudicial error, the consideration of the prior case is not reversible error. *Catholic Housing Services, Inc. v. State Dept. of SRS*, 256 Kan. 470, 479, 886 P.2d 835 (1994).

Finally, we must determine if the trial court erred in awarding interest on an award of attorney fees.

K.S.A. 29-303 provides that an aggrieved party may recover the cost of repairs with interest at the rate of 1 percent per month and a reasonable attorney fee. K.S.A. 29-305 provides an aggrieved party may recover costs in the same fashion as 29-303, as well as a

reasonable attorney fee "to be fixed and allowed by the court." The trial court granted judgment in the amount of $398 plus interest at the rate of 1 percent per month from December 26, 1998. The court also granted attorney fees of $2,951.05 plus interest at the legal rate from the date of the memorandum of judgment.

The Kunzes argue the trial court was without the authority to award interest on the attorney fees. Schwartz counters that since the court is permitted to set the attorney fees and it is appropriate to award interest on a judgment entered by a court, the interest was appropriate. It is true there is a statutory framework for awarding interest on judgments. See K.S.A. 2000 Supp. 16-204. However, in Kansas attorney fees cannot be granted absent statutory authority. *United States Fidelity v. Guaranty Co. v. Maish*, 21 Kan. App. 2d 885, 905, 908 P.2d 1329 (1995). In the present case, there is statutory authority for the fee, but it also seems clear that the award of attorney fees was separate from the judgment awarded for repairs to the fence. Accordingly, absent statutory authority allowing for interest to be added to the attorney fees, it was error for the trial court to do so.

Reversed.