No. 90,221

STATE OF KANSAS, *Appellee*, v. JOHNNY McCURRY, JR., *Appellant*.

105 P.3d 1247

Opinion filed February 18, 2005.

*Patrick H. Dunn*, assistant appellate defender, argued the cause and was on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J. Johnny McCurry, Jr., was convicted of three counts of aggravated robbery and one count of kidnapping based on three separate cases which were consolidated for trial. The Court of Appeals reversed the kidnapping conviction and remanded for resentencing. *State v. McCurry*, No. 84,856, unpublished opinion filed November 16, 2001. The trial court imposed consecutive sentences; a 64-month sentence for each aggravated robbery for a controlling term of 192 months.

The Court of Appeals reversed, holding that the double rule in K.S.A. 2003 Supp. 21-4720(b)(4) (which has been unchanged since the crimes were committed in 1997) applied, limiting the defendant's sentence to 128 months. *State v. McCurry*, 32 Kan. App. 2d 806, 89 P.3d 928 (2004). We granted the State's petition for review and reverse the Court of Appeals' decision reversing the district court. We affirm the decision of the district court.

McCurry was charged with one count of aggravated robbery in Case No. 98CR1390, one count of aggravated robbery in Case No. 98CR1392, and one count each of aggravated robbery and kidnapping in Case No. 98CR1411, in connection with three robberies of two different Subway restaurants on three different dates in May 1998. The cases were consolidated for trial, and McCurry was convicted of all the charges and sentenced to a controlling term of 653 months' imprisonment. On direct appeal, the Court of Appeals reversed the kidnapping conviction, vacated the sentence, and remanded for resentencing. See *State v. McCurry*, No. 84,856, unpublished opinion filed November 16, 2001.

On remand, McCurry's criminal history score of G, coupled with his severity level 3 aggravated robbery convictions, placed him in the sentencing grid box range between 57 and 64 months for each conviction. The district court imposed consecutive 64-month sentences in each case for a controlling term of 192 months' imprisonment.

McCurry filed a pro se motion to correct an illegal sentence, arguing that because his cases were consolidated for trial, they should be "considered multiple counts in a single complaint, information or indictment" and were subject to 21-4720(b)(4), which limits the length of a defendant's sentence to twice the base sentence (128 months). The district court denied the motion, reasoning:

"The double rule limit [in 21-4720(b)(4)] applies only to cases involving multiple convictions arising from multiple counts within an information, complaint, or indictment, not multiple convictions arising from separate cases . . . ." *State v. Roderick*, 259 Kan. 107, 114, 911 P.2d 159 (1996). K.S.A. 21-4720(b)(5) applies to nonbase sentences included in the same charging document as the base sentence. *State v. Bolin*, 266 Kan. 18, 23, 968 P.2d 1104 (1998).

"Although his cases were consolidated for trial, McCurry's robbery convictions arose from three separate charging documents. Therefore, K.S.A. 21-4720(b)'s double rule does not apply to his robbery sentences. In light of *Roderick* and *Bolin*, McCurry's argument that he was illegally sentenced is without merit."

The Court of Appeals reversed on appeal in *State v. McCurry*, 32 Kan. App. 2d 806, 89 P.3d 928 (2004). The Court of Appeals rejected the State's argument that the defendant was not charged and convicted on multiple counts in the same charging document but on separate cases consolidated for trial. The court concluded that "the State's argument does not give sufficient consideration to the fact that all three cases at issue could be and were consolidated for trial," 32 Kan. App. 2d at 808, and that *State v. Taylor*, 262 Kan. 471, 939 P.2d 904 (1997), "demonstrates the legislature's intent to apply a different rule for prior convictions when cases are actually consolidated for trial as opposed to pleading in several independent cases on the same date." 32 Kan. App. 2d at 808.

Identifying the consolidation of the three cases as the central issue, the Court quoted from *Taylor*, 262 Kan. at 479: " 'When separate complaints are consolidated for trial, there is a single trial and the jury is to determine each charge on the evidence submitted on each count of the separate complaints.' " 32 Kan. App. 2d at 809. It further quoted *State v. Boone*, 220 Kan. 771, Syl. ¶ 1, 556 P.2d 880 (1976), for the following proposition: " 'When two or more complaints, informations or indictments against a single de-

fendant are tried together under K.S.A. 22-3203, *the procedure should be the same as if the prosecution were under a single complaint,* information or indictment.' " 32 Kan. App. 2d at 809. Concluding that the double rule should apply to cases consolidated for trial, the panel reasoned:

"The trial court consolidated all three cases based on K.S.A. 22-3203, which provides that the court can consolidate two or more complaints against a single defendant 'if the crimes could have been joined in a single complaint, information or indictment.' McCurry cites *State v. Aspinwall*, 173 Kan. 699, 710, 252 P.2d 841 (1953), and the common definition of 'consolidate' in arguing that the legal effect of the consolidation was the merger into a single complaint or information. The effect of consolidation does not technically merge all the cases into one single complaint or information, but the practical effect of the consolidation is exactly the same. To rule otherwise could lead to anomalous results. Counts that could, and possibly should, be charged together, could be charged individually and then consolidated just to avoid the legislatively mandated double rule." 32 Kan. App. 2d at 809-10.

The sole issue in this appeal is whether the sentencing limitations of the double rule found in 21-4720(b)(4) apply to separate complaints consolidated for trial. The interpretation of a statute is a question of law, and our review is unlimited. We are not bound by either the district court's or the Court of Appeals' interpretation of this statute. See *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

The meaning of a particular statute is dependent upon the intent of the legislature. Our interpretation of the statute in this case is therefore guided by the following principles:

"Interpretation of a statute is a question of law. Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from the statute. *When a statute is plain and unambiguous, an appellate court must give effect to the intention of the legislature, rather than determine what the law should or should not be.* The general rule is that a criminal statute must be strictly construed in favor of the accused, which simply means that words are given their ordinary meaning. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent." (Emphasis added.) *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 (1995).

The State argues that the Court of Appeals erred in finding the sentencing limitations of the double rule pursuant to 21-4720(b)(4) apply to separate complaints consolidated for trial. The State's petition for review raises several points of error in the panel's opinion: (1) disregard of the plain language of the double rule, (2) misapplication of *Roderick*, (3) reliance upon *Boone* dictum in the consolidation analysis, (4) grafting consolidation language which was used in K.S.A. 21-4710 on to K.S.A. 2003 Supp. 21-4720, and (5) reliance upon the inappropriate legal reason of "anomalous results" in disregard of a plain and unambiguous statute. Our examination of the interrelated arguments of the State convinces this court that the Court of Appeals failed to give consideration to the plain language of the statute.

K.S.A. 2003 Supp. 21-4720(b)(2) provides that in multiple conviction cases where consecutive sentences may be imposed, "[t]he sentencing judge must establish a base sentence for the primary crime. The primary crime is the crime with the highest crime severity level ranking." K.S.A. 2003 Supp. 21-4720(b)(4) sets forth the "double rule," which provides:

*"The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence.* This limit shall apply only to the total sentence, and it shall not be necessary to reduce the duration of any of the nonbase sentences imposed to be served consecutively to the base sentence." (Emphasis added.)

The plain language of 21-4720(b)(4) provides that the double rule is applicable to "multiple convictions arising from multiple counts within *an* information, complaint or indictment." (Emphasis added.) The use of the word "an" demonstrates that the convictions must arise under a single charging document. Review of the relevant case law reveals that this plain reading of 21-4720(b)(4) effects legislative intent.

Although this court has never determined whether this statute is applicable to cases consolidated for trial, it has interpreted this statute in other contexts. In *State v. Roderick*, 259 Kan. 107, 113-14, 911 P.2d 159 (1996), the defendant had pleaded guilty to multiple counts in different cases on the same date, and he argued that

his situation should be treated as a "multiple conviction case" under K.S.A. 1994 Supp. 21-4720(b)(4)'s "double rule." Rejecting this argument, the court reasoned:

"Legislative history answers the question of whether Roderick's situation should be treated as a K.S.A. 1994 Supp. 21-4720(b) 'multiple conviction case.' K.S.A. 1993 Supp. 21-4720(b)(4) provided in part: 'The total sentence assigned for a current conviction event cannot exceed twice the base sentence.' The term 'conviction event' was defined at K.S.A. 1993 Supp. 21-4703(c) (the guidelines definition section) as 'one or more felony convictions occurring on the same day and within a single court. These convictions may result from multiple counts within an information or from more than one information.'

"In 1994, the legislature deleted all references to conviction events from the guidelines (from 21-4703 in L. 1994, ch. 291, § 49; from 21-4720(b)(4) in L. 1994, ch. 291, § 59). The legislature provided that the limits on the total sentence would apply to 'multiple convictions arising from multiple counts within an information, complaint or indictment.' K.S.A. 1994 Supp. 21-4720(b)(4). The legislature changed a same day, single court requirement to a same information or complaint requirement to invoke the double rule limit. The change was made for the purpose of 'limiting the application of the "double rule" limit for consecutive sentence[s] to multiple [counts] in the same case rather than all counts for which the defendant was convicted at one time, regardless of whether from different cases.' Kansas Report on Legislative Interim Studies, p. 116 (1994).

"Roderick's situation would have fit within the definition of 'conviction event' in K.S.A. 1993 Supp. 21-4703(c). The double rule limit in K.S.A. 1993 Supp. 21-4720(b)(4) also would have applied. However, the 1994 amendments indicate that the legislature intended to remove situations like Roderick's from the double rule limit. The double rule limit applies only to cases involving multiple convictions arising from multiple counts within an information, complaint, or indictment, not multiple convictions arising from separate cases pled to on the same date. K.S.A. 1994 Supp. 21-4720(b) does not apply to Roderick's situation." 259 Kan. at 114.

In *State v. Bolin*, 266 Kan. 18, 19, 23, 968 P.2d 1104 (1998), this court considered two consolidated cases addressing the definition of a "multiple conviction" case under K.S.A. 21-4720(b) in light of *Roderick*. In one case, the panel relied upon a Court of Appeals' opinion that held all provisions of 21-4720(b), except (b)(4), apply when sentencing a defendant who pleads guilty to multiple crimes arising from different charging documents on the same day. In the other case, the panel construed all of the subsections together to conclude that (b)(5) applied only to multiple counts within the same information, complaint, or indictment. The *Bolin* court

agreed with the latter case, extending the holding of *Roderick* : "A multiple conviction case is a case involving multiple crimes arising under a single charging document. The definition applies for all provisions of K.S.A. 21-4720(b)." 266 Kan. at 19.

Although *Roderick* and *Bolin* concern application of the double rule to separate cases pled to on the same day, the discussion in *Roderick* of the legislative history remains relevant to this appeal. Like Roderick, McCurry's convictions would have fallen under the definition of "conviction event" found in the 1993 version of the statute because the statute involved multiple convictions "from more than one information." However, the legislature's omission of this language from the statute in 1994 demonstrates an intent to exclude convictions arising out of multiple complaints from the double rule.

The plain language of 21-4720(b)(4), *Roderick*, and *Bolin*, establish that the double rule applies to convictions in a single charging complaint, information, or indictment. The Court of Appeals reasoned that the legislature intended to apply a different rule to consolidated cases under *Taylor* because the practical effect of consolidation was a merger of the separate complaints into one. The basis for this ruling was that "[t]o rule otherwise could lead to anomalous results. Counts that could, and possibly should, be charged together, could be charged individually and then consolidated just to avoid the legislatively mandated double rule." 32 Kan. App. 2d at 810.

In order to reach this result the Court of Appeals had to ignore an important principle of statutory interpretation, *vis.*, "When a statute is plain and unambiguous, an appellate court must give effect to the intention of the legislature, rather than determine what the law should or should not be." *Cox*, 258 Kan. 557, Syl. ¶ 7. The case relied on by the Court of Appeals for support, *Taylor*, fails to provide such support. Taylor pled guilty to nine counts in three complaints which had been consolidated for trial. The State argued on appeal that the district court failed to count each of the other convictions in determining criminal history under K.S.A. 1994 Supp. 21-4710(a), which defined a prior conviction as "any conviction which occurred prior to sentencing in the current case

regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."

Although the issue was not properly preserved for review, this court noted that effective July 1, 1995, the legislature amended the "prior convictions" definition in K.S.A. 1994 Supp. 21-4710(a) to preclude the use of other counts joined for trial in a current offense in determining criminal history. See K.S.A. 21-4710(a) ("A prior conviction is any conviction, other than another count in the current case which was brought in the same information or complaint or *which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto . . . .*"). (Emphasis added.) Since the offenses were committed prior to July 1, 1995, the 1994 version of the statute was applicable in *Taylor.* See 262 Kan. at 474-75.

Contrary to the Court of Appeals' conclusion, *Taylor* supports excluding separate charges in separate complaints from the double rule. While *Taylor* concerned a completely different statute than the one we consider, it nevertheless demonstrates that the legislature is both capable of and has recognized the necessity of spelling out when it intends that cases consolidated for trial be considered differently from those cases which are not consolidated for trial. The legislature was aware that K.S.A. 22-3203 permitted the consolidation of complaints; however, it specifically chose not to include this language in K.S.A. 2003 Supp. 21-4720(b)(4). While the plain language of 21-4710(a) demonstrates that the legislature intends to treat cases consolidated for trial in the current case differently from other prior convictions when calculating criminal history, the plain language of 21-4720(b)(4) demonstrates legislative intent to exclude consolidated cases from application of the double rule.

The Court of Appeals also relied upon *State v. Boone,* 220 Kan. 771 Syl. ¶ 1, 556 P.2d 880 (1976), for the proposition that " '[w]hen two or more complaints, informations or indictments against a single defendant are tried together under K.S.A. 22-3203, the procedure should be the same as if the prosecution were under a single complaint, information or indictment.' " 32 Kan. App. 2d at 809.

However, *Boone* considered consolidated cases tried in two "mini trials" to accommodate two different defense counsels. Moreover, *Boone* was decided well before the Kansas Sentencing Guidelines were enacted in 1993. As such, *Boone* provides little support for the Court of Appeals' application of the double rule to cases consolidated for trial.

The defendant argues that consolidated cases for trial merge by operation of law into a single complaint; however, the relevant statutes show otherwise. K.S.A. 22-3203 provides that "[t]he court may order two or more complaints, informations or indictments against a single defendant to be tried together if the crimes *could have* been joined in a single complaint, information or indictment." (Emphasis added.) K.S.A. 22-3202(1) provides:

"Two or more crimes may be charged against a defendant in the same complaint, information, or indictment in a separate count for each crime if the crimes charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

These statutes, thus, provide two different options for the trial of similar charges—they can be charged together under one complaint, or separate complaints can be consolidated together for trial. The plain language of K.S.A. 22-3203 does not provide that the consolidated cases are merged into one complaint. Rather, it provides that the separate cases may be tried together if the separate crimes could have been originally charged in a single complaint. This is precisely what happened in this case. McCurry's three similar but separate cases were consolidated for trial. The three separate cases did not merge into one complaint. See *Taylor*, 262 Kan. at 479 ("When separate complaints are consolidated for trial, there is a single trial and the jury is to determine each charge on the evidence submitted on each count of the *separate* complaints.").

The three separate cases were acknowledged by the district court in denying McCurry's motion to consolidate the three case numbers into one. The district court reasoned that the three cases were separate offenses which occurred on separate dates and the court did not have the authority to consolidate case numbers which were filed separately. The Court of Appeals' conclusion that the

double rule was applicable to cases which did not "technically" arise out of the same complaint cannot be reconciled with the plain and unambiguous language of the statute. The panel exceeded its standard of review by determining what it thought the law should be, based on its own speculation of what could happen under a different set of facts if a particular interpretation were applied. The double rule in 21-4720(b)(4) does not apply to cases consolidated for trial pursuant to K.S.A. 22-3203. The sentence imposed by the district court is affirmed.

Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.