NOT DESIGNATED FOR PUBLICATION

No. 114,581

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLIFTON S. POWELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed November 18, 2016. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Clifton S. Powell was charged in two separate cases—No. 11CR1198 and No. 11CR349. After a motion by the State, the district court consolidated the cases for trial. On August 29, 2011, Powell pled guilty in both cases. Using Powell's criminal history score of B for each case, the court sentenced him to consecutive probation terms with underlying prison sentences. After multiple violations, the court revoked Powell's probation and ordered him to serve the underlying prison sentences. Powell filed a pro se motion to correct an illegal sentence arguing the court had

1

incorrectly used his criminal history score of B when it calculated his sentence for case No. 11CR349. The court denied Powell's motion and he appeals. We affirm.

In case No. 11CR1198, Powell was charged with one count of aggravated battery in violation of K.S.A. 21-3414(a)(1)(A), a severity level 4 person felony. In case No. 11CR349 (the case at issue here), Powell was charged with one count of aggravated assault in violation of K.S.A. 21-3410(a), a severity level 7 person felony; two counts of domestic battery in violation of K.S.A. 21-3412a(a)(1)(b)(1), class B person misdemeanors; one count of criminal damage to property in violation of K.S.A. 21-3720a(a)(1)(b)(3), a class B nonperson misdemeanor; and one count of criminal trespass in violation of K.S.A. 21-3721(a)(1)(B), a class B nonperson misdemeanor. The State filed a motion to consolidate these cases for trial under K.S.A. 22-3203, which the district court granted.

In case No. 11CR349, the district court sentenced Powell to 24 months' probation, with an underlying prison term of 29 months. In case No. 11CR1198, the court sentenced Powell to 36 months' probation with an underlying prison term of 172 months. The court ordered these sentences to be served consecutively. After multiple violations, the court revoked Powell's probation and ordered him to serve a reduced prison sentence.

In his pro se motion to correct an illegal sentence, Powell argued that cases No. 11CR349 and No. 11CR1198 had been incorrectly counted against each other in his sentencing and, therefore, his criminal history score for case No. 11CR349 should have been I instead of B. The State assembled another presentence investigation report to correct this error but discovered an additional felony that resulted in Powell's criminal history score remaining B.

His sentence thus unaltered, Powell filed another pro se motion to correct illegal sentence in April 2015. Powell argued that because case No. 11CR1198 and No.

2

11CR349 had been consolidated for trial, the criminal history score used to calculate his sentence for No. 11CR349 should have been I rather than B. The district court denied this motion, stating it did not present a valid question of law.

The statutes at issue in this case, and cited by the parties in their briefs, are K.S.A. 21-4710 and K.S.A. 21-4720. These statutes are now K.S.A. 2015 Supp. 21-6810 and K.S.A. 2015 Supp. 21-6819 respectively.

On appeal, Powell argues that the district court erred when it denied his pro se motion to correct an illegal sentence. However, both Kansas statutes and the Kansas Supreme Court's ruling in *State v. McCurry*, 279 Kan. 118, 105 P.3d 1247 (2005), make it clear that the district court properly calculated Powell's sentence, and thus did not err.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). To the extent this panel does so, interpretation of a statute is a question of law over which we exercise unlimited review. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016).

Powell contends that since the State consolidated his cases for trial, the district court should have used his criminal history score of B for only No. 11CR1198, and then used a criminal history score of I for No. 11CR349. The district court considered these same arguments in Powell's motion and denied it on the basis it did not present a valid question of law.

For sentencing, K.S.A. Supp. 2015 21-6810(c) states that "[e]xcept as otherwise provided, all convictions, whether sentenced consecutively or concurrently, shall be counted separately in the offender's criminal history." Of particular issue in this case is K.S.A. Supp. 2015 21-6810(a), which states that a prior conviction is

3

"any conviction, *other than another count in the current case* which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 . . . which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." (Emphasis added.)

Although Powell does not specifically argue the point in his brief, he essentially asserts that the district court violated the "double sentence rule"—K.S.A. 2015 Supp. 21-6819(b)(4)—when it used his criminal history score of B to calculate the sentences for case No. 11CR1198 and No. 11CR349. Generally, when a defendant is sentenced to multiple convictions Kansas law requires a district court to establish a base sentence for the primary crime. K.S.A. 2015 Supp. 21-6819(b)(2). A primary crime is the crime that has the highest severity level amongst all the crimes of which the defendant is convicted. K.S.A. 2015 Supp. 21-6819(b)(2). The double rule then provides:  "The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence." K.S.A. Supp. 2015 21-6819(b)(4). Thus, when multiple crimes are joined in the same complaint, a defendant's sentence is limited to twice the length of the longest prison sentence applicable to the primary crime.

Powell suggests that the act of consolidating two cases for trial indicates the cases could have been joined into a single complaint and should be subject to the double rule. Making this argument, Powell emphasizes the language of K.S.A. 22-3203, which states that "the [district] court may order two or more complaints, informations or indictments against a single defendant to be tried together if the crimes could have been joined in a single complaint, information or indictment." Powell cites *State v. Boone*, 220 Kan. 771, Syl. ¶ 1, 556 P.2d 880 (1976):  "When two or more complaints . . . are tried together under K.S.A. 22-3203, the procedure should be the same as if the prosecution were under

4

a single complaint. . . ." Powell reasons that because cases consolidated for trial are subject to the same procedures, the double rule should apply to K.S.A. Supp. 2015 21-6810(a) and prevent the district court from using the same criminal history score to calculate the sentence for each consolidated case. Applying this logic to the case at hand, Powell argues that only No. 11CR1198 should have been subject to a criminal history score of B, and No. 11CR349 should have been subject to a criminal history score of I.

As the State points out in its brief, Powell's argument runs contrary to the Kansas Supreme Court's decision in *State v. McCurry*, 279 Kan. 118, 105 P.3d 1247 (2005). There, the defendant was charged with aggravated robbery in three separate cases. These cases were consolidated for trial and, after his conviction, the district court sentenced the defendant to three consecutive 64-month prison terms for a total of 192 months. The defendant challenged his sentence arguing that because they had been tried together, the three cases should be considered "'multiple counts in a single complaint'" and were therefore subject to the double rule found in K.S.A. 2015 Supp. 21-6819(b)(4).

Interpreting both K.S.A. 21-4710(a) (now K.S.A. 2015 Supp. 21-6810(a)) and K.S.A. 21-4720(b)(4) (now K.S.A. 2015 Supp. 21-6819[b][4]), the *McCurry* court found that the double rule applied to convictions "in a single charging complaint, information, or indictment," but not to criminal cases consolidated for trial. 279 Kan. at 124-25. Additionally, the court rejected the defendant's argument that cases consolidated for trial under K.S.A. 22-3203 effectively merged into one complaint—and thus subject to the double rule. 279 Kan. at 126. K.S.A. 22-3203 merely gave the State the option of placing similar charges in either one complaint or separate complaints that could be consolidated for trial. 279 Kan. at 126. Ultimately, the court concluded that the double rule did not apply to cases consolidated for trial, and that courts can use the same criminal history score when calculating a sentence for each case consolidated in this manner. 279 Kan. at 127.

The facts and arguments found in *McCurry* are almost identical to those presented in this case, and there is nothing to suggest that the outcome here should be any different. Just like *McCurry*, the State charged Powell with similar crimes, which it later consolidated for trial. Moreover, the district court calculated Powell's sentences for each case based upon his criminal history score of B, a decision that was consistent with the Kansas Supreme Court's ruling in *McCurry*. Powell acknowledges the precedential value of *McCurry* but nevertheless urges us to ignore *McCurry* on the basis that it was wrongly decided. We are required to follow Supreme Court precedent absent some indication that the court is departing from its earlier position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 323 P.3d 128 (2015). Because there is no indication that the Kansas Supreme Court plans to depart from the position set forth in *McCurry*, and because the district court's ruling is wholly consistent with that decision, we affirm.

Affirmed.