NOT DESIGNATED FOR PUBLICATION

Nos. 120,292
120,293

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARTINA SPAIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed October 4, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Joan Lowdon*, deputy county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., HILL and WARNER, JJ.

PER CURIAM: The sole issue in this consolidated appeal is whether Martina Spain's criminal history score was correct. On the same day, Spain, in four cases, entered no-contest pleas to 10 felony crimes and 3 misdemeanor charges. At sentencing, the court considered the convictions from all four cases in deciding her criminal history score. Spain contends this was erroneous because she had a global plea agreement with the State and all of her cases were consolidated into one. She claims that by using the convictions from the other cases, the court inflated her criminal history score and this caused an

1

illegal sentence. Precedent teaches us otherwise. We hold the court correctly determined her criminal history score and her sentence is not illegal. We affirm.

To unravel this problem, we will use the district court case numbers so the crimes can be kept in order. Spain's plea agreement with the State covered all four separate criminal cases for crimes committed between 2010 and 2014. Spain entered pleas of no contest to the following:

- 2013CR875 to three counts of felony possession with intent to distribute methamphetamine;
- 2013CR882 to one count of felony manufacture of methamphetamine, one count of felony possession with intent to distribute methamphetamine, and one count of felony possession without tax stamp;
- 2013CR908 to a single felony count of possession of stolen property; and
- 2014CR67 to three felony counts of theft and three misdemeanor counts of theft.

And the State agreed to dismiss the remaining 17 charges and to recommend a total prison term of 162 months with concurrent sentences in all cases and all counts. Spain waived her right to appeal her sentence and acknowledged that if she did successfully challenge her sentence, the State was free to reinstate any dismissed charges.

At Spain's plea hearing, the district court called the four cases together but addressed each case separately. The court first took up 2013CR875 and explained to Spain her sentence could range between 14 and 51 months for each count of possession with intent to distribute, depending on her criminal history score. Spain entered pleas of no contest to each of the three counts of possession with intent to distribute methamphetamine, a severity level 3 nonperson felony. The district court accepted her pleas and found her guilty of each count.

2

Next came 2013CR882 on the manufacture of methamphetamine charge, another possession with intent to distribute charge, and the no drug tax stamp charge. The court informed Spain that the sentence range for the manufacturing charge, a severity level 1 felony, carried a sentence of between 138 and 204 months, depending on her criminal history score. The court noted that the State agreed in the plea agreement to cap the sentence at 162 months. "So even if you were to fall into A, B, C, or D box, which would make it higher, there's been an agreement to leave it at 162 months." Spain said she understood. The court similarly informed Spain that her possession with intent to distribute charge carried a 92- to 144-month sentence, and the sentence for the tax stamp charge ranged from 5 to 13 months, again depending on her criminal history score. The court noted that her conviction on the manufacture count would "trump" the other sentences, and Spain said she understood. She pled no contest to each charge and the district court found her guilty of each count.

After that, the court took up 2013CR908, a charge of possession of stolen property, and informed Spain that the sentence could range from 5 to 17 months. Spain entered a plea of no contest and the court found her guilty.

Finally, the district court called 2014CR67, three felony counts of theft and three misdemeanor counts of theft. The court told Spain of the sentence ranges for the charges. Spain entered pleas of no contest to the six charges as agreed, and the district court found her guilty of each.

The court dismissed any remaining charges and ordered a presentence investigation report for each case.

Listing seven nonperson felony convictions and five nonperson misdemeanors, the PSI report in 2013CR875 set Spain's criminal history score at E. Of the seven felony convictions, three were attributed to 2013CR882, one to 2013CR908, and three to

3

2014CR67. Those were the other cases disposed of in the plea agreement. Similarly, the PSI report in 2013CR882 showed Spain's criminal history score was E, with seven nonperson felony convictions and five nonperson misdemeanors. Of the seven felony convictions, three were attributed to 2013CR875, one to 2013CR908, and three to 2014CR67, which were also disposed of in the plea agreement.

While the court at sentencing called all four cases, it specified that it would sentence Spain on each case individually. The district court asked defense counsel if he reviewed the PSI reports and, likewise, if he reviewed them with Spain. Defense counsel and Spain both answered yes. The district court asked Spain, "And do you agree that your criminal history scores out correctly at E level?" Spain said it was correct and she was ready for sentencing.

The district court began with 2013CR882, found Spain's criminal history score to be E, and sentenced her to 162 months for manufacture of methamphetamine. The district court followed by sentencing Spain on the remaining counts in that case, and then sentenced her on the remaining cases individually. Adhering to the plea agreement, each sentence was ordered to be served concurrent with each other—and the controlling term of imprisonment is 162 months.

*Spain contends the court used an incorrect criminal history score.*

As her sole issue on appeal, Spain contends that her sentences are illegal. She claims that the four cases in which she pled were consolidated by operation of law under the global plea agreement. She argues that none of the convictions under that agreement can be used to calculate her criminal history score and enhance her sentences relative to any of those consolidated cases. The State argues this issue is long settled against Spain and her sentences should be affirmed.

4

Spain argues her sentences did not conform to the applicable statutory provisions because her criminal history score was not calculated properly. Thus, in her view, her sentences are illegal.

In calculating an offender's criminal history score, all prior convictions must be counted unless the convictions constitute an element of the present crime, enhance the severity level, or elevate the classification from a misdemeanor to a felony. K.S.A. 2018 Supp. 21-6810; *State v. Kelly*, 298 Kan. 965, 976, 318 P.3d 987 (2014). A prior conviction under the Kansas Sentencing Guidelines Act is any conviction, other than another count in the current case brought in the same charging document or joined for trial under K.S.A. 22-3203, that occurred before sentencing in the current case, no matter if the offense that led to the prior conviction occurred before or after the commission of the current offense or the conviction in the current case. K.S.A. 2018 Supp. 21-6810; *State v. Keel*, 302 Kan. 560, 574, 357 P.3d 251 (2015).

Two cases guide us. The first is *State v. Roderick,* 259 Kan. 107, 116, 911 P.2d 159 (1996), which held that multiple convictions entered on the same day in different cases are considered separate convictions when calculating a defendant's criminal history score. Our court in *State v. Long*, No. 114,699, 2016 WL 3219109, at *1 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1326 (2017), followed the ruling in *Roderick*. In that case, Long had pled guilty in four different burglary cases on the same day and our court held that the district court properly considered Long's prior person-felony convictions as four separate convictions in calculating his criminal history. We find the reasoning in *Long* persuasive.

On this point, Spain also argues that because her four cases were addressed in a "global" plea agreement, they were "consolidated by operation of law," and she suggests they should be treated as one case for calculating her criminal history score. She notes

5

that the district court, sua sponte, consolidated two of the cases for trial—those two at issue in this appeal, 2013CR875 and 2013CR882—in January 2014.

In effect, Spain suggests that all the cases should have been treated as if they were in one complaint and not used to enhance her criminal history score for sentencing. She argues, essentially, that the district court violated the "double sentence rule"—K.S.A. 2018 Supp. 21-6819(b)(4)—when it used the various convictions in the four cases under the plea agreement to calculate her criminal history score of E for the base count in each of the cases. Spain cites no authority in support of this argument or for her interpretation of the statutes. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority resembles failing to brief the issue. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018). We reject her argument on this for her failure to provide authority or meaningfully distinguish *Roderick* and *Long*.

Moving on, the second Supreme Court precedent teaches a rule contrary to Spain's view. In *State v. McCurry*, 279 Kan. 118, 105 P.3d 1247 (2005), the defendant was charged with aggravated robbery in three separate cases. These cases were consolidated for trial and, after his conviction, the district court sentenced the defendant to three consecutive 64-month prison terms for 192 months. The defendant challenged his sentence arguing that because they had been tried together, the three cases should be considered "'multiple counts in a single complaint'" and were therefore subject to the double rule in K.S.A. 2003 Supp. 21-4720(b)(4)—now K.S.A. 2018 Supp. 21-6819(b)(4).

The *McCurry* court found that the double rule applied to convictions "in a single charging complaint, information, or indictment," but not to criminal cases consolidated for trial. 279 Kan. at 124-25. The court rejected the defendant's argument that cases consolidated for trial under K.S.A. 22-3203 effectively merged into one complaint—and were thus subject to the double rule. The court found that K.S.A. 22-3203 merely gave

6

the State the option of placing similar charges in either one complaint or separate complaints that could be consolidated for trial. Ultimately, the court held that the double rule did not apply to cases consolidated for trial, and that courts can use the same criminal history score when calculating a sentence for each case consolidated in this way. 279 Kan. at 126-27. See *State v. Powell*, No. 114,581, 2016 WL 6821966, at \*1 (Kan. App. 2016) (unpublished opinion).

The precedents in *Roderick* and *McCurry* control the outcome here. This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Spain's multiple convictions entered on the same day in different cases were appropriately considered separate convictions when calculating her criminal history score. See *Roderick*, 259 Kan. at 116. And neither the district court's consolidation of cases 2013CR875 and 2013CR882 for trial, nor the global plea agreement that disposed of all four cases in the same proceeding, triggered the double rule. The district court thus appropriately used the same criminal history score of E in sentencing Spain in both 2013CR875 and 2013CR882. See *McCurry*, 279 Kan. at 127.

There is no sentencing error here.

Affirmed.