NOT DESIGNATED FOR PUBLICATION

No. 124,727

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEWAYNE ANTOINE ANDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed January 13, 2023. Sentences vacated and case remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, of Topeka, for appellant.

*Matt J. Maloney*, assistant district attorney, Marc Bennett, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., WARNER and COBLE, JJ.

WARNER, J.: Dewayne Anderson pleaded guilty to various crimes that were charged in three separate cases. The district court consolidated these three cases before Anderson's plea hearing, finding that all the charges could have originally been brought in one complaint. But because the charges were filed in three separate cases instead of one, Anderson's controlling prison sentence was several months longer than it would have been if the State had filed only one charging document. Anderson appeals, arguing this difference in treatment violated his constitutional right to equal protection of the law. We agree. We therefore vacate Anderson's sentences and remand for resentencing.

1

Anderson was charged in three separate cases for committing several crimes in Wichita between September 2019 and February 2020. All three cases were set for jury trials in July 2021. But the week before the trials, Anderson entered into a global plea agreement with the State, leading to convictions for the following offenses:

- In Case 20CR540, Anderson pleaded guilty to 13 counts of attempted battery against a law enforcement officer and one count of misdemeanor battery.

- In Case 19CR3006, Anderson pleaded guilty to one count of aggravated battery and two counts of aggravated assault.

- In Case 20CR583, Anderson pleaded guilty to two counts of criminal threat.

The day of the plea hearing, the State moved to consolidate Anderson's three cases under K.S.A. 22-3203 and K.S.A. 22-3202(1), which permit consolidation if the charges originally could have been joined in a single complaint or information. The district court granted this request and held a joint plea hearing for all three cases. At the end of the hearing, the court accepted Anderson's guilty pleas.

The court held a joint sentencing hearing for the three consolidated cases in November 2021. At the hearing, Anderson challenged the presentence investigation reports' categorization of the appropriate criminal-history score in each case. He argued that because his cases were consolidated, the Sentencing Guidelines contemplate that his criminal-history score of C should be applied only to the primary count in *one* of the three cases, while the sentences in the other two cases should be scored using a criminal-history score of I. The State countered that these cases were consolidated for trial, but the

2

charges were not consolidated into a single complaint that would require the sentencing treatment Anderson requested.

After hearing the parties' arguments, the court denied Anderson's request to treat the offenses as though they had been charged in a single complaint. The court sentenced Anderson to prison terms of 27 months in Case 20CR540, 27 months in Case 19CR3006, and 12 months in Case 20CR583. The court then ordered Anderson to serve the two 27-month prison terms consecutively, for a controlling 54-month prison sentence.

Anderson appeals, though his current argument has evolved from what he raised at sentencing. He continues to assert that because his three cases were consolidated, the district court should have used his criminal-history score to calculate only one base sentence for all three cases, and the remaining sentences should have been calculated using a criminal-history score of I. But he no longer asserts that the Sentencing Guidelines alone required this result.

Instead, based on this court's decisions in *State v. Dixon*, 60 Kan. App. 2d 100, 131, 492 P.3d 455, *rev. denied* 314 Kan. 856 (2021); *State v. Myers*, 62 Kan. App. 2d 149, 193, 509 P.3d 563, *rev. denied* 316 Kan. ___ (2022); and *State v. Fitzgerald*, No. 123,121, 2022 WL 815839, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 316 Kan. ___ (2022), Anderson now argues that the sentences imposed violate his right to equal protection of the law under the Kansas and United States Constitutions.

DISCUSSION

A district court's sentencing decisions in most modern criminal cases are governed by the Kansas Sentencing Guidelines Act. When a defendant is sentenced for multiple convictions in a single case, the Guidelines require a district court to establish a "base sentence" for the crime with the highest severity level, known as the primary crime.

3

K.S.A. 2019 Supp. 21-6819(b)(2). The base sentence is calculated by applying a person's criminal-history score to the primary crime. K.S.A. 2019 Supp. 21-6819(b)(3). Sentences for the remaining convictions are calculated using a criminal-history score of I—the lowest classification in the Guidelines. K.S.A. 2019 Supp. 21-6819(b)(5).

Anderson argued at sentencing that his three consolidated cases should be treated as though they were one case because they could have originally been charged in one complaint or information. The State countered that the base-sentence rule in K.S.A. 2019 Supp. 21-6819(b)(2) only applies when multiple offenses are charged in a single complaint, not when those offenses *could have been* charged in that manner but were not. Anderson has changed his approach on appeal and now argues that this distinction—as it applies to his consolidated cases—violates his right to equal protection.

1. *Even though Anderson did not raise his equal-protection challenge before the district court, the circumstances of this case and the nature of his claim warrant our consideration.*

Because Anderson did not frame his original sentencing challenge as an equal-protection claim when he presented it to the district court, we must consider—as a threshold matter—whether that issue may be considered here. As a general rule, issues not raised before the district court, including constitutional issues, cannot be raised on appeal. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018); see *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). This limitation stems from the fact that appellate courts are courts of review. When a party presents an issue in an appeal that was not raised below, it deprives the district court of the ability to consider the argument and conduct an error-free proceeding. It also deprives the appellate court of a complete record to review, as there are no previous arguments to consider and no decision by the district court to evaluate.

Nevertheless, because this preservation rule stems from prudential concerns, an appellate court has discretion to consider some new arguments on appeal if we find that the issues warrant our review and review is possible based on the record before us. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). For example, we have sometimes decided to consider purely legal issues in the first instance if they are based on undisputed facts and would resolve the case, or if deciding an issue is necessary to serve the ends of justice or prevent deprivation of a fundamental right. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

Anderson argues that his equal-protection claim warrants our review under both of these exceptions. He asserts that the facts necessary to decide his claim are undisputed: His three cases were consolidated because the charges could have been brought in one complaint or information under K.S.A. 22-3203 and K.S.A. 22-3202(1), and the court imposed base sentences in each case, which it could not have done if the charges were all filed in one complaint. Thus, Anderson points out, the only question remaining is the purely legal determination as to whether this differential treatment violates the constitutional guarantee of equal protection—a determination that will resolve this appeal.

The State argues that these considerations do not warrant our review of Anderson's claim. It points out that the decision whether to charge crimes in one case or many lies with the State, and there are myriad reasons—all based on the facts of a particular case— why a prosecutor might choose to charge crimes in a particular way. Similarly, the State argues that the decision to consolidate multiple cases involves several considerations, from judicial economy to witness accessibility to prosecutorial economy. And the State points out that both Anderson and the State contemplated in the global plea agreement that Anderson's cases would be consolidated for the plea hearing and for sentencing.

While we appreciate these realities, the State's arguments fail to grasp the central issue, in our view: It does not matter for our equal-protection analysis why Anderson's cases were charged in the manner they were or why the cases ultimately were consolidated. Rather, what matters is that the cases *were* consolidated because the State *could have* charged the crimes in a single complaint or information. And these questions are not in dispute.

As we have indicated, three panels of this court have previously concluded that K.S.A. 21-6819(b) violates the constitutional right to equal protection when it allows for a single base sentence for multiple convictions that are charged in a single case, but not for multiple convictions cases consolidated under K.S.A. 22-3203 that could have been charged in a single complaint or information. See *Myers*, 62 Kan. App. 2d at 193; *Dixon*, 60 Kan. App. 2d at 131; *Fitzgerald*, 2022 WL 815839, at *4. In each of these cases— which all arose out of Sedgwick County while Anderson's case has been pending—the defendants raised their equal-protection challenges for the first time on appeal. And while other panels have declined to consider the merits of arguments, those decisions have involved unresolved factual questions that are not present here. See *State v. Shipley*, 62 Kan. App. 2d 272, 282, 510 P.3d 1194 (2022) (declining to reach the merits of an unpreserved claim that Shipley's cases should have been constructively consolidated under K.S.A. 22-3202[1] because it would involve a factual inquiry).

After considering the parties' arguments and reviewing these previous discussions, we agree with *Myers*, *Dixon*, and *Fitzgerald* that Anderson's equal-protection claim can be considered for the first time on appeal and warrants our review. We therefore turn to our analysis of that claim.

2. *Applying the base-sentencing rule in K.S.A. 2019 Supp. 21-6819(b) separately to each of Anderson's three consolidated cases violates his right to equal protection of the law.*

The Equal Protection Clause of the Fourteenth Amendment guarantees that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Section 2 of the Kansas Constitution Bill of Rights essentially provides the same protection as its federal counterpart. *Rivera v. Schwab*, 315 Kan. 877, Syl. ¶ 4, 512 P.3d 168 (2022). These provisions require that states treat "similarly situated persons similarly." *State v. LaPointe*, 309 Kan. 299, 316, 434 P.3d 850 (2019). Neither provision absolutely prohibits laws that only affect certain groups of people; instead, differential treatment may be permissible if there is some appropriate justification for the legislative disparity. *Henry v. Bauder*, 213 Kan. 751, Syl. ¶ 2, 518 P.2d 362 (1974).

Kansas courts review equal-protection challenges under a three-step framework. First, to implicate the equal-protection right as a threshold matter, a statute must treat similarly situated individuals differently. *LaPointe*, 309 Kan. 299, Syl. ¶ 5 (individuals must be "'arguably indistinguishable'"). If it does, courts look at the basis of the classification—that is, what groups are being treated differently—to determine the appropriate level of judicial scrutiny for analyzing the challenged law. Finally, courts review the challenged statute under that level of scrutiny. 309 Kan. 299, Syl. ¶ 5. In most instances, equal-protection challenges are purely legal questions, so appellate courts follow these same standards and do not defer to the district courts' assessments. *Downtown Bar and Grill v. State*, 294 Kan. 188, Syl. ¶ 4, 273 P.3d 709 (2012).

We employ three levels of judicial scrutiny to equal-protection claims—rational-basis review, intermediate scrutiny, and strict scrutiny—commensurate with the protected status of the legislature's classification. 294 Kan. 188, Syl. ¶ 9. Statutes that implicate a suspect or quasi-suspect class—such as race, ancestry, or gender—must pass a more

7

stringent review under either intermediate or strict scrutiny, depending on the classification. *State v. Voyles*, 284 Kan. 239, 257-58, 160 P.3d 794 (2007). In all other instances, rational-basis review applies, and the legislature "is presumed to act within its constitutional power despite the fact the application of its laws may result in some inequity." *Manzanares v. Bell*, 214 Kan. 589, 609, 522 P.2d 1291 (1974).

Courts will uphold a law under rational-basis review when a classification bears "some rational relationship to a valid legislative purpose." *Downtown Bar and Grill*, 294 Kan. 188, Syl. ¶ 9; *State v. Limon*, 280 Kan. 275, 288, 122 P.3d 22 (2005). Under this deferential standard, any reasonably conceivable facts may support the classification; the parties need not demonstrate that the legislature was actually motivated by the offered justification. *In re Care & Treatment of Snyder*, 308 Kan. 626, 630, 422 P.3d 85 (2018). When a party challenges a statute as facially unconstitutional under the rational-basis standard, that party bears the burden of proving no rational basis exists that could support the classification. *Downtown Bar and Grill*, 294 Kan. 188, Syl. ¶ 10.

Anderson asserts that K.S.A. 2019 Supp. 21-6819(b), as applied, violated his right to equal protection. He asserts that he received a harsher sentence than a person charged with the same offenses in a single complaint, even though the charges in each of his cases *could have been* charged in one complaint or information. As a starting point, we observe that there is a meaningful difference between the sentences imposed in each instance:

- The district court imposed three base sentences for Anderson—one in each of his consolidated cases—all calculated with a criminal-history score of C. This resulted in prison terms of 27 months, 27 months, and 12 months; the court ordered Anderson to serve the two 27-month terms consecutively and the 12-month term concurrently, for a controlling sentence of 54 months in prison.

- If Anderson's crimes had been charged in a single complaint, the district court could have only imposed one base sentence of 27 months. The remaining sentences would have been determined with a criminal-history score of I, which would have resulted in midrange prison sentences of 12 (instead of 27) months and 6 (instead of 12) months for these crimes. And then, as now, the district court could determine which of those sentences were to run consecutive or concurrent to the others. K.S.A. 2019 Supp. 21-6819(b).

As this discussion demonstrates, the fact that Anderson's crimes were charged in three cases instead of one resulted in him being sentenced to several more months in prison under the Guidelines. According to Anderson, the only reason for this difference in treatment was the State's decision to charge him in that manner at the outset of the cases. He asserts that this differential treatment violated his constitutional right to equal protection. We agree.

The parties acknowledge that the base-sentencing rule in K.S.A. 2019 Supp. 21-6819(b) creates two classes of individuals—those whose charges were filed in one complaint and those whose charges were filed in multiple cases, even though they could have been included in one complaint. The State asserts, however, that these classes are not similarly situated, and thus the right to equal protection is not implicated, because the reasons prosecutors may decide to charge crimes in a particular manner vary widely. But again, this argument conflates the reasons why the State may charge crimes in a particular manner with the reality—acknowledged by the State—that Anderson's charges *could have been brought* in one complaint.

The State has raised this argument in each of the cases where we have previously considered the equal-protection issue Anderson raises here. *Myers*, 62 Kan. App. 2d at 182; *Dixon*, 60 Kan. App. 2d at 133-34; *Fitzgerald*, 2022 WL 815839, at *4. And in each instance, we have found that the classes are similarly situated for equal-protection

purposes. Indeed, "[t]he only difference between these two classes of defendants is whether there is one case number or two [or more]." *Dixon*, 60 Kan. App. 2d at 134. Although we are not bound by these decisions, we find their reasoning persuasive.

We thus proceed to analyze this distinction under the proper level of judicial scrutiny. Because K.S.A. 2019 Supp. 21-6819(b) does not implicate a suspect class of individuals or discriminate on an invidious basis, we must uphold the application of that statute here if there is any rational basis for its differential treatment of Anderson. Although we acknowledge the deferential nature of rational-basis review, we—like the previous panels of this court—find that this is one of the rare instances where the legislative distinction does not pass constitutional muster under this standard.

In *Dixon*, this court held that the "double rule" in K.S.A. 2020 Supp. 21-6819(b)(4)—which instructs that convictions stemming from multiple counts within a charging document cannot exceed twice the base sentence—violated Dixon's equal-protection rights where his two cases were consolidated for trial, but he was sentenced separately in each case. 60 Kan. App. 2d at 138-39. The panel explained that the court was "unable to find that the strict application of K.S.A. 2020 Supp. 21-6819(b)(4) to Dixon's cases implicate[d] any legitimate sentencing goal." 60 Kan. App. 2d at 139. As a result, it found "that the statute, as applied to Dixon's cases, [did] not pass rational basis scrutiny" and "violate[d] his equal protection rights under the Fourteenth Amendment." 60 Kan. App. 2d at 139.

*Fitzgerald*, which followed *Dixon*, is factually similar to this case as it involved a multiple-charge plea agreement. *Fitzgerald* found that the double rule arbitrarily treated Fitzgerald differently because his four cases were consolidated for sentencing under a plea agreement, but his charging documents remained separate. 2022 WL 815839, at *7. *Fitzgerald* made clear that *Dixon*'s holding applies to those who accept plea deals—like Anderson. *Fitzgerald*, 2022 WL 815839, at *5.

10

Most recently, in *Myers*, this court considered the same issue Anderson raises. Myers' two cases, each with multiple counts, were consolidated for trial. He was sentenced separately in each case, meaning that he received a base sentence calculated using his full criminal history for the primary crime in each case. On appeal, this court found that the base-sentence rule in K.S.A. 2020 Supp. 21-6819(b), as applied, violated Myers' equal protection rights. 62 Kan. App. 2d at 192. Like *Dixon*, the *Myers* court reasoned sentencing defendants more harshly because their charges are in multiple charging documents, when they could have been placed in one, serves no legitimate sentencing goal. *Myers*, 62 Kan. App. 2d at 192.

The State argues that *Dixon* and *Myers* are distinguishable because those cases involved a trial where it could gain a strategic advantage by consolidating, and because Anderson's cases were consolidated upon joint request. But *Fitzgerald* applied this same reasoning to a plea deal. Indeed, we find no reason to depart from the rationale of these cases since Anderson's convictions resulted from a plea. Rather, the same reasoning applies: If Anderson's cases had originally been charged in one case, he would have received a different treatment under the law than he did when his charges could have been filed in one complaint but instead were filed in three separate cases.

The State offers several potential bases for the difference in K.S.A. 2019 Supp. 21-6819(b)'s treatment of these two classes of defendants. But this court has previously addressed each of these arguments, and we need not do so again here. See *Myers*, 62 Kan. App. 2d at 188-93. Suffice it to say that the State has not offered a persuasive reason for this distinction, and we do not otherwise find a basis for this differential treatment. Rather, as we noted in *Myers*, "it was the State's discretionary but arbitrary decision to originally file similar charges—that could have been brought in one charging document—in separate charging documents that led to the sentencing disparity in this case." 62 Kan. App. 2d at 190.

11

We hold that the base-sentence rule in K.S.A. 2019 Supp. 21-6819(b), as it was applied in this case, violated Anderson's constitutional right to equal protection of the law. Thus, consistent with our previous panels that have decided this question, we vacate Anderson's sentences and remand for resentencing. There, the district court should designate a base sentence for the most severe crime among Anderson's three cases, see K.S.A. 2019 Supp. 21-6819(b)(2), which will serve as Anderson's base sentence across the three consolidated cases. The sentences for Anderson's other crimes should be determined using a criminal-history score of I.

Sentences vacated and case remanded with directions.

* * *

GARDNER, J., dissenting: I respectfully dissent. I agree with the majority that we have the authority to consider Anderson's new as-applied equal-protection argument for the first time on appeal. But I disagree that we should do so. Alternatively, I would affirm on the merits.

At sentencing, Anderson challenged his criminal history score, but raised no argument about the base sentence rule and no constitutional claims. Anderson tacitly concedes that he did not raise to the district court the issue that he asks us to decide. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). That rule is for good reason.

Anderson recites two exceptions to that rule: (1) his new theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case, and (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566

12

(2021). But beyond identifying these two exceptions, Anderson does very little to show that they apply or why we should rely on them instead of our general rule. Instead, Anderson's only argument is that "[t]his Court need only look at the legislation and determine whether it creates two classes of similarly situated defendants," (citing *State v. Dixon*, 60 Kan. App. 2d 100, 132, 492 P.3d 455, *rev. denied* 314 Kan. 856 [2021]).

But Anderson is bringing an as-applied equal protection challenge, not a facial challenge. As its name suggests, an as-applied challenge contests the application of a statute to a particular set of circumstances, so resolving an as-applied challenge necessarily requires findings of fact. *State v. Hinnenkamp*, 57 Kan. App. 2d 1, 4, 446 P.3d 1103 (2019). Yet Anderson offers no facts for our review. The majority should decline Anderson's invitation to morph his as-applied challenge into a facial challenge. "Such challenges are disfavored, because they may rest on speculation, may be contrary to the fundamental principle of judicial restraint, and may threaten to undermine the democratic process." *State v. Bollinger*, 302 Kan. 309, 318-19, 352 P.3d 1003 (2015).

Facts are important things, even in this context. In *Dixon*, the panel found Dixon's case "highlights the arbitrary application of the statute." *State v. Dixon*, 60 Kan. App. 2d at 138. It then detailed the facts, showing that the State could have brought all the charges initially in one charging document and why its decision not to do so was, in its view, arbitrary, ultimately increasing Dixon's sentence by about 61 years. 60 Kan. App. 2d at 137. *Dixon* also found that "consolidation of the cases provided the State with a significant procedural and strategic advantage at trial." 60 Kan. App. 2d at 138. Similarly, in *Myers*, the panel found, "[t]hus, it was the State's discretionary but *arbitrary decision* to originally file similar charges—that could have been brought in one charging document—in separate charging documents that led to the sentencing disparity in this case." (Emphasis added.) *State v. Myers*, 62 Kan. App. 2d 149, 190, 509 P.3d 563, *rev. denied* 316 Kan. ___ (2022). Compare *State v. Fitzgerald*, No. 123,121, 2022 WL 815839, at *6 (Kan. App.) (unpublished opinion) (finding "*the arbitrary application* of

13

the double rule in K.S.A. 2019 Supp. 21-6819(b)(4)" works an equal protection violation, but apparently assuming any application of the statute is arbitrary [emphasis added]), *rev. denied* 316 Kan. ___ (2022).

No arbitrary decision to file separate complaints has been shown here. The crimes charged in the three separate complaints against Anderson involved 19 different people on 10 separate dates, and none of the many offenses in 20 CR 540 had even been committed when 19 CR 3006 was charged, so the State logically charged them separately. Anderson's cases were consolidated on the joint request of the parties, not because of any compulsory joinder provision or arbitrary decision or independent motion by the State. And the State got no procedural or strategic advantage at trial since Anderson pleaded. But Anderson got a direct benefit of consolidation—had Anderson pleaded guilty in the three separate cases, his criminal history would have been cross-counted so would have been greater than C. The State asserts Anderson's criminal history would have been A. Anderson's plea agreement, which was part and parcel of the joint motion for consolidation, benefitted him because the State dismissed one entire case, dismissed one count in 19 CR 3006, and recommended that all counts within each case run concurrently. And there were many counts.

True, when viewed retrospectively at the time of trial, the charges could have been properly consolidated into one case because of certain commonalities. See K.S.A. 22-3202(1), 22-3203. But even that determination relies on facts. *State v. Shipley*, 62 Kan. App. 2d 272, 282, 510 P.3d 1194 (2022). See *State v. Smith-Parker*, 301 Kan. 132, 157, 340 P.3d 485 (2014) (finding Kansas cases that have held consolidation or joinder to be appropriate on this basis "have generally had multiple commonalities, not merely the same classification of one of the crimes charged"); *Dixon*, 60 Kan. App. 2d at 132 ("the State is correct that determining whether consolidation of charges for trial is warranted is a factual inquiry").

14

And a retrospective analysis to determine the propriety of consolidation under the "could have been" world of possibilities does not show arbitrariness in an initial charging decision. That consolidation was appropriate does not negate the possibility that other facts could bear on whether Anderson is similarly situated to another defendant. See generally *State v. LaPointe*, 309 Kan. 299, 318, 434 P.3d 850 (2019) (finding that focus in its equal protection analysis should be on factual elements rather than on punishment imposed to determine whether offender is similarly situated to another to whom postconviction DNA testing is statutorily available). Arbitrariness is a fact-based determination.

The majority finds it unnecessary to consider the facts showing how and why the State brought separate charges against Anderson. But if the majority is correct in ignoring the facts and treating the issue as a facial challenge, then it should hold Anderson to his burden under that analysis. That burden is to negate every conceivable basis which might support the statute. *State v. Genson*, 316 Kan. 130, 143, 513 P.3d 1192 (2022). Anderson's sole effort to meet this burden is to say that the statutory rule "has 'no legitimate purpose' when the charges could have been brought in one complaint but the State declined to do so." Yet those are not the facts here, as both Anderson and the State sought consolidation.

Anderson has not tried to refute the bases the State has articulated on appeal, instead shifting the burden to the State or to this court. One basis the State articulates on appeal is the overall sentencing provisions of the Kansas Sentencing Guidelines Act for defendants with consolidated cases. It points out that the Legislature's definition of prior convictions precludes the use of other counts joined for trial in a current case in determining criminal history. A court sets a defendant's base sentence by using the criminal history score. So separate counts joined for trial under K.S.A. 22-3203 do not count as prior convictions in determining criminal history. K.S.A. 2019 Supp. 21-6810(a). That is a significant benefit to a defendant. But the benefit of the double rule

15

(limiting the total sentence to twice the base sentence for multiple convictions arising from the same charging document) in K.S.A. 2019 Supp. 21-6819(b)(4) does not apply to cases consolidated for trial under K.S.A. 22-3203. *State v. McCurry*, 279 Kan. 118, 127, 105 P.3d 1247 (2005). As the State asserts, the Legislature could have rationally intended for a defendant to get the benefit of one sentencing factor (lower criminal history score and base sentence) while bearing the burden of the other (no application of double rule) when cases are consolidated for trial. That kind of benefit/burden analysis carries the day under the rational basis test we use here. The majority's focus on one provision of the sentencing guidelines to the exclusion of the rest is myopic in failing to consider the Kansas Sentencing Guidelines Act as a whole.

Nor has Anderson shown any disparate impact to him in his sentence, as applied. To challenge a facially neutral law on equal-protection grounds based on a disparate impact, as Anderson does, the challenging party must prove the law has a discriminatory effect and was enacted with a discriminatory purpose. *Miller v. Johnson*, 295 Kan. 636, 666, 289 P.3d 1098 (2012), *abrogated on other grounds by Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 442 P.3d 509 (2019); *Montoy v. State*, 278 Kan. 769, 771, 120 P.3d 306 (2005). Both elements require factual development to determine the extent to which the law impacts one group differently and why. In *Dixon*, application of the double rule increased the defendant's sentence by about 61 years. 60 Kan. App. 2d at 137. Here, because of consolidation, Anderson's criminal history was lowered perhaps from an A to a C, and he fails to show whether or how much his sentence was increased. He quotes passages from other cases but fails to show a disparate impact in his overall sentence. Viewed more broadly, Anderson asked for his cases to be consolidated, perhaps because his plea agreement was conditioned in part on the joint motion for consolidation. And his plea agreement benefitted him because the State dismissed one case, dismissed one count in 19 CR 3006, and recommended that all counts within each case run concurrently. In short, we cannot meaningfully review Anderson's claim because of the undeveloped facts in the record.

Our consideration of this equal protection theory is unnecessary to serve the ends of justice or to prevent denial of fundamental rights. Anderson's sentencing claim alleges an unconstitutional sentence which he can raise later by ways other than a direct appeal. For example, K.S.A. 60-1507 and K.S.A. 60-1501 permit Anderson to raise his claim in district court, where the necessary facts could be developed. But even if both exceptions could properly apply here, I would still not review Anderson's claim. We need not do so. "The decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, we have no obligation to do so. [Citations omitted.]" *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

And we should not do so. We are a court of review, not a fact-finding court. *State v. Hutto*, 313 Kan. 741, 746-47, 490 P.3d 43 (2021). Here, as in *Gray*, 311 Kan. at 170, this panel would have benefitted from the parties' full factual development and the district court's analysis of this issue. Anderson raises an important constitutional issue, but it is undeveloped. We do a disservice to our district courts and to the parties by deciding in the first instance serious matters like this that should be addressed and fully fleshed out by evidence, arguments, and factual findings by the trial court.

I would thus decline to reach the merits of this equal protection argument. Alternatively, I would affirm, finding Anderson fails to meet his burden.